Wilson *vs.* Ansley.

---

John R. Wilson, plaintiff in error, *vs.* Elizabeth Ansley, by her next friend, defendant in error.

A lunatic who has no guardian is within the equity of the 14th section of the Relief Act of 1870; and where a suit is brought in the name of the lunatic by next friend, on a contract made before June, 1865, no affidavit of the payment of taxes need be filed.

Relief Act of 1870. Tax affidavit. Exception. Lunatic. Before Judge Greene. Newton Superior Court. September Term, 1871.

Wilson *vs.* Ansley.

This case was submitted to the decision of the Court, without the intervention of a jury, upon the following agreed statement of facts:

"That the contract, which is the foundation of the *fi. fa.*, was made prior to June 1st, 1865; that at the time of making the contract, the plaintiff had a guardian; that she was then *non compos*, and has been in the lunatic asylum ever since the making of the contract up to the present time; that her guardian died in 1863, and she has had no guardian since that time; that the nominal plaintiff, Penelope W. O. Lazenby, widow of the guardian, has had the assets of the estate of the *non compos* in her hands since the death of the guardian, managing and controlling them, and is now doing so.

The questions upon the above statement of facts arose upon an affidavit of illegality filed by John R. Wilson to an execution in favor of Elizabeth Ansley, by her next friend, on the ground "that the plaintiff in execution has not paid all legal taxes chargeable by law on said debt from the time of the making or implying of said contract or debt until the further proceeding of said execution."

The Court passed the following order: "It is adjudged and ordered, that the facts of said case show the plaintiff's case to be within the provisions of section 14 of the Act of October 13th, 1870, entitled 'An Act for Relief and Recoupment,' which excused the plaintiff for the non-payment of taxes, if said taxes are unpaid; and it is further ordered and adjudged by the Court, that the illegality in this case be overruled."

To which order plaintiff in error excepted, and assigns the same as error.

CLARK & PACE, for plaintiff in error.

E. H. POTTLE; JOHN J. FLOYD, for defendant.

MONTGOMERY, Judge.

Legislatures do not require impossibilities. To require a lunatic, without a guardian and in the insane asylum, to pay taxes, is to require an impossibility. Hence, in that view,

the Act of 1870, requiring an affidavit of the payment of taxes to be attached to all executions obtained on contracts, made before June, 1865, before levy or sale, does not embrace such an execution issued in favor of the lunatic.   If this is not true, then surely a lunatic is within the equity of the fourteenth section of the Act, which exempts widows and minors from its operation.

Judgment affirmed.