## DUDGEON   WATSON.

### (*Circuit Court, S. D. New York.*   March 7, 1885.)

**1. EQUITY- PLEADING—COMPLAINANT NON COMPOS MENTIS—PLEA.**

A plea alleging that complainant " was at the time of the commencement of the suit *non compos mentis* and incapable to sue," but failing to allege that he has been so found by inquisition or that any committee has been appointed, is bad.

**2. SAME—PRACTICE—MOTION TO STRIKE BILL FROM FILES—STAY.**

The proper practice in such a case is by an application to the court to strike the bill from the files because filed without authority, or to apply for a stay of proceedings until a committee or next friend may be appointed.

In Equity.

*Edward Wetmore,* for complainant.

*Jas. McKeen,* for defendant.

WALLACE, J.   The plea of the defendant alleging that complainant "was at the time of the commencement of the suit *non compos mentis* and incapable to sue," does not allege that he has been so found by inquisition or that any committee has been ·appointed.   In the absence of such an allegation there is no authority for such a plea.   Mitf. Pl. (4th Ed.) 229; Mitf. & T. 320.   The proper practice in such a case is by an application to the court to strike the bill from the files because it has been filed without authority, owing to the mental incapacity of the complainant, or to apply for a stay of proceedings until a committee or next friend may be appointed.   *Wartnaby* v. *Wartnaby,* 1 Jac. 377; *Attorney General* v. *Tyler,* 2 Eden, 230; *Norcom* v. *Rogers,* 16 N. J. Eq. 484.   The court can then ascertain whether there is any reasonable foundation for suspending the progress of the suit.   It would be intolerable to permit a defendant whenever so disposed to challenge the mental capacity of a complainant by a plea, and the practice might lead to grave abuses.   The defendant has no interest in such an inquiry beyond being protected from a vexatious suit.   Any person may volunteer to act as a next friend and bring a suit for an insane person when no committee has been appointed, and the court will entertain it and decide its merits.   *Jones* v. *Lloyd,* 43 Law J. (Ch.) 826, against the objections of the defendant.   The person thus officiously constituting himself the protector of the lunatic does so at his risk and may be compelled to pay the defendant's costs, and must establish the propriety of his act if called to account by a committee subsequently appointed.   The solicitor who files a bill assumes the same responsibility.

The plea is overruled.