## GEORGE W. COVINGTON

### v.

## HENRY NEFTZGER.

*Filed at Mt. Vernon March 28, 1892.*

INSANE PERSON—*parties*—*bill to set aside deed of lunatic*—*who may sue.* A bill will not lie in the name of a lunatic or insane person, by his next friend, to set aside or avoid a deed made by such lunatic or insane person. Such suit, in equity, must be brought in the name of the conservator, who is invested by law with the care and management of the property and estate of the lunatic or idiot. The action of the court requiring the next friend to file bond for costs, will not authorize him to sue as next friend of the lunatic.

WRIT OF ERROR to the Circuit Court of Pope county; the Hon. ROBERT W. McCARTNEY, Judge, presiding.

Messrs. MULKEY & SAWYER, for the plaintiff in error:

The bill was properly brought in the name of the lunatic, by his next friend. 1 Daniell's Ch. Pl. and Pr. 108; Story's Eq. Pl. sec. 64; *Gorham* v. *Gorham*, 3 Barb. Ch. 24; *Lane* v. *Shermerhorn*, 1 Hill, 97; *Cox* v. *Dawson*, Noy, 27; *Attorney General* v. *Parkhurst*, 1 Ch. Cas. 112; *Riddler* v. *Riddler*, 1 Eq. Cas. 279; *Ortegro* v. *Messerve*, 7 Johns. Ch. 139; Shelford on Lunatics, 179, 180, 339, 395; *Speck* v. *Palace Car Co.* 121 Ill. 35; *Stewart* v. *Graham*, 19 Ves. 312; *Whetstone* v. *Whetstone*, 75 Ala. 495; *Light* v. *Light*, 25 Beav. 248; *Jetton* v. *Sunard*, 29 Ark. 372; *Rock* v. *Slade*, 7 Dowl. Pr. Com. 22; *Railroad Co.* v. *Munger*, 78 Ill. 300.

Mr. JAMES E. COURTNEY, for the defendant in error:

The deed of an insane person is not void, but voidable, only. (*Burnham* v. *Kidwell*, 113 Ill. 428.) Being voidable, only, it follows that such deed passes the title, and is good until avoided. *Breckenridge* v. *Ormsby*, 1 J. J. Marsh. 236.

It requires a disposing mind to avoid a deed. A lunatic not having a disposing mind can not avoid his deed while his insanity exists. *Nichol* v. *Thomas*, 53 Ind. 42.

The authorities are uniform that the person bringing a suit to avoid the deed of a lunatic during his lifetime, must have power to act for the lunatic, and to bind the lunatic by such action. *Dorsheimer* v. *Roorbeck*, 3 C. E. Green's Ch. 439; *Kilbee* v. *Myrich*, 12 Fla. 428; *Gorham* v. *Gorham*, 3 Barb. Ch. 24; *Nichol* v. *Thomas*, *supra.*

This the lunatic may do himself, on regaining sanity, (*Hovey* v. *Hobson*, 53 Me. 451,) or his heirs may do so after his death, (*Breckenridge* v. *Ormsby*, 1 J. J. Marsh, 236,) or his conservator may during his lifetime. But no one can act for him and jeopardize the estate, unless he is authorized to bind the lunatic. *Dorsheimer* v. *Roorbeck*, 3 C. E. Green, 439.

The deed of a lunatic stands precisely like the deed of an infant, both being voidable. *Hovey* v. *Hobson*, 53 Me. 451; *Breckenridge* v. *Ormsby, supra; Burnham* v. *Kidwell, supra.*

The next friend can not disaffirm the deed of an infant, neither can the infant do so himself during minority. He lacks disposing mind, (*Stafford* v. *Roof*, 9 Cow. 626,) but his heirs may do so after his death. *Illinois Land Co.* v. *Bonner*, 75 Ill. 322; *Breckenridge* v. *Ormsby*, 1 J. J. Marsh. 236.

The unbroken current of authority from the earliest period is, that a next friend can not bring suit in a court of equity for a lunatic. *Dorsheimer* v. *Roorbeck, supra;* Story's Eq. Pl. sec. 64; Shelford on Lunatics, 415; *Campbell* v. *Kuhn*, 45 Mich. 515; *Catchcort* v. *Sungenheimer*, 18 S. C. 123; *Gorham* v. *Gorham*, 3 Barb. 24; Brightly's Digest, 3496.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought in the name of George W. Covington, by his next friend, Alexander Covington, to set aside a certain deed executed on or about the 1st day of March,

1871, by the said George W. Covington, which purported to convey certain premises therein described, situated in Pope county. The ground relied upon in the bill to set aside the deed is, that George W. Covington, at the time the deed was executed, was insane, and that he has remained insane ever since. A general demurrer was interposed to the bill, which the court sustained, and the bill was dismissed.

There is but one question of any importance presented by this record, and that is, whether the action was properly brought in the name of George W. Covington, the insane person, by his next friend. In Story's Equity Pleading the author (sec. 64) says: "The care and commitment of the custody of the persons and estates of idiots and lunatics are in England the special prerogative of the Crown,  *   *   *  and whenever one is, by an inquisition, found to be an idiot or lunatic, the person holding the great seal commits the custody of the person and estate of such idiot or lunatic to some suitable person or persons, who is or are called the committee or committees of the idiot or lunatic. In all such cases the idiot or lunatic must sue by the committee or committees of their estates, all of them being made parties plaintiff." In section 65 it is said: "In some of the States in America the courts of equity are intrusted with the like authority to appoint committees for idiots and lunatics, and in such cases the idiots and lunatics sue by their committees. In other States idiots and lunatics are by law placed under guardians appointed by other courts. In such cases the idiots and lunatics sue and defend by the proper guardians, unless some other is specially appointed for that purpose."

A very interesting case on this subject is *Ortley et al.* v. *Messerve*, 7 Johns. Ch. 139, where a bill was filed in the name of the committee, alone, to set aside an act of the lunatic. A demurrer was interposed to the bill, on the ground that the lunatic should have been joined as a party with the committee. Chancellor KENT, in delivering the opinion of the court, said:

"It is not necessary for the lunatic herself to be a party plaintiff with her committee to set aside an act done by her while she was under mental imbecility. The same objection was made in the case of *Attorney General* v. *Parkhurst*, 1 Ch. Cas. 112, and overruled by the lord keeper. * * * In another case, (*Ridler* v. *Ridler*, 1 Eq. Cas. Abr. 279,) the bill was by a lunatic and his committee, * * * and a demurrer was put in because the lunatic was a party with his committee, and the demurrer was overruled. It would seem therefore to be immaterial, and but matter of form. The lunatic may be joined with the committee, or omitted, according to these cases. * * * The general practice, however, is, to unite the lunatic with the committee, as was done in 2 Vern. 678. But there does not appear to be any use in it or any necessity for it, as the committee have the exclusive custody and control of the estate and rights of the lunatic. The lunatic may be considered as a party by his committee, and, like trustees of an insolvent debtor, the committee hold the estate in trust, under the direction of the court."

It will be observed that the principle upon which the chancellor held that the committee was the proper party to bring the action was, because they have the exclusive custody and control of the estate and rights of the lunatic, and it is obvious that a person not clothed with authority to bind the lunatic or control his estate ought not to be permitted to file a bill to set aside or impeach an act of the lunatic. (*Nichol* v. *Thomas*, 53 Ind. 42.) A person suing as next friend has no authority to bind the lunatic or his estate. He is a mere volunteer, clothed with no authority from any court. He may be liable for costs, but he does not control the lunatic or his estate in any manner whatever, and it would be a dangerous rule to hold that such a person might, at his own will or discretion, come into court for the purpose of impeaching a transaction in which he has no interest, as trustee or otherwise, and over which he has no control. The rule on this

subject is well expressed in *Dorsheimer* v. *Roorbeck*, 3 C. E. Green, 439, where it is among other things said: "The rule is a wise one. It should never be permitted that any volunteer should, by styling himself the next friend of an idiot, bring suit for him, and lose or jeopard his rights."

We think it is a well settled principle, that the person who brings a bill to avoid the deed of an insane person must have power to act for such person, and bind him and his estate. (*Nichol* v. *Thomas, supra.*) The lunatic or insane person can not do this himself. He has no disposing mind. He can do no binding acts himself, while his insanity continues. The lunatic may act on regaining his sanity, as held in *Hovey* v. *Hobson*, 53 Me. 451, or his heirs may act after his death, (*Breckenridge* v. *Ormsby*, 1 J. J. Marsh. 236,) or his committee, guardian or conservator may bring a bill during his insanity; but we do not think, after giving the subject such investigation as we have been able to do, that a bill can be maintained in the name of the lunatic or insane person, by his next friend. Provision might be made by statute, under which a bill might be brought by a next friend in a case like the one involved; but we have no statute authorizing such a practice where real estate is involved. Chapter 86 of our Revised Statutes of 1874 provides for the appointment of conservators for insane persons. Section 5 of the act provides that such conservator shall have the care and management of the real and personal estate of his ward and the custody of his person, unless otherwise ordered by the court. Section 13 declares, "he shall appear for and represent his ward in all suits and proceedings, unless another person is appointed for that purpose, as conservator or next friend," while section 5 of the Chancery act provides that suits in chancery may be commenced and prosecuted by infants, either by guardian or next friend, and by conservators on behalf of the persons they represent. While the statute does not determine in whose name a suit of this character shall be brought, the language used seems to point

to the conclusion that the conservator was the proper person to bring the action.

We have, however, been referred to *Lane et al.* v. *Schermerhorn*, 1 Hill, 97, as an authority in support of the position of counsel for plaintiff in error. That was an action at law, brought by certain persons, as a committee of a lunatic, to recover money due and owing to the lunatic, and the court held that an action for money had and received to the use of a lunatic can not be maintained in the name of the committee. Whatever may be the rule at law in an action to recover money does not affect the question here, as this is a proceeding in equity, and, as we understand the question, it rests upon a different principle.

*Jones* v. *Lloyd*, 9 Moak, 792, has also been cited. That was a bill brought by a certain person described as a person of unsound mind, by his next friend, against a partner, for the protection of property in which he was interested as a partner, and on demurrer to the bill the demurrer was overruled. But while the court overruled the demurrer, it expressly declined to decide whether a decree for final distribution could be made without the appointment of a committee on lunacy, as is apparent from a quotation from the opinion, as follows: "I do not say, it is not necessary for me to say, at the present moment, whether he will or will not obtain a final decree without application to the jurisdiction on lunacy."

The court required Covington, the next friend, to file bond for costs, but this can not be construed as an order authorizing him to sue as next friend.

We think the judgment of the circuit court was correct, and it will be affirmed.

*Judgment affirmed.*