### PIERCE v. MOLLIKEN.

#### (Circuit Court, N. D. California. January 18, 1897.)

JURISDICTION OF FEDERAL COURTS — FEDERAL QUESTION — EJECTMENT — VALIDITY OF LAND PATENT.

A complaint, in an action of ejectment, alleging that the plaintiff claims title to land exceeding $2,000 in value, under a patent issued by the United States, and that the defendants deny the validity of such patent, or that it conveyed any title in or to the lands, is sufficient to show that the suit is one arising under the constitution or laws of the United States, and to give the federal courts jurisdiction.

Action in Ejectment. Demurrer.

Reddy, Campbell & Metson, for plaintiff.

Henry F. Crane and Philip Teare, for defendant.

MORROW, District Judge. This is an action in ejectment, to recover a tract of land in Contra Costa county, Cal. The complaint alleges, among other things, that the value of said tract of land exceeds

the sum of $2,000, and that the matter in dispute in this action, exclusive of interest and costs, exceeds the sum of $2,000; "that the title of the plaintiff to all of said tract of land, and his right to the possession thereof, accrued to and vested in him under and by virtue of a patent therefor which was duly and regularly issued to his grantor by the United States on or about the 28th day of February, A. D. 1893, under and in pursuance of the provisions of the statutes of the United States, and that said defendants deny the validity of said patent, and deny that it conveyed or conveys to the plaintiff or his grantor any estate, right, title, or interest in or to said lands, or in or to any part thereof." The demurrer raises the sufficiency of this allegation on the ground "that the complaint does not show that the construction of any constitutional provision, or of any specific federal law, or act of congress, is involved in said action." The act of March 3, 1875 (18 Stat. 470), provided "that the circuit courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature at common law or in equity, where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, and arising under the constitution or laws of the United States. * * *" The act of March 3, 1887, as corrected by the act of August 13, 1888 (25 Stat. 434), re-enacted the foregoing provision, but limited the jurisdiction, in the amount involved, to cases "where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars." The jurisdiction of the circuit court has been sustained in cases in which the plaintiff's statement of his cause showed that he relied on some right under the constitution or laws of the United States. Feibelman v. Packard, 109 U. S. 421, 3 Sup. Ct. 289; Kansas Pac. R. Co. v. Atchison, T. & S. F. R. Co., 112 U. S. 414, 5 Sup. Ct. 208; New Orleans v. Houston, 119 U. S. 265, 7 Sup. Ct. 198; Bachrack v. Norton, 132 U. S. 337, 10 Sup. Ct. 106. In Cooke v. Avery, 147 U. S. 375, 13 Sup. Ct. 340, the action was trespass to try title to a tract of land. The plaintiff claimed title under an execution sale upon a judgment record in the circuit court of the United States for the Northern district of Texas. The plaintiff alleged in his petition that, by reason of certain laws of the United States, and rules of the circuit court of the United States for the Northern district of Texas, which were specifically referred to, the judgment was a lien upon the property from the date of its rendition, or became such on the date the abstract thereof was recorded, and continued to be a lien up to the date of the sale by the marshal, by reason whereof plaintiff had a superior title, but that the defendants denied that the judgment was ever a valid lien on the property under said laws and rules, and that this constituted the controlling question in the case, upon the correct decision of which plaintiff's title depended. The supreme court held that the disposition of this issue depended upon the laws of the United States and the rules of the circuit court, and their construction and application were directly involved, and that the jurisdiction resting on the subject-matter was properly invoked. In Hills v. Homton, 4 Sawy. 195, Fed. Cas. No. 6,508, this court held that where, in an action, the title

to land in controversy, held under patents issued upon confirmed Mexican grants, depends upon a controverted construction of the patents, the circuit court has jurisdiction. In Friend v. Wise, the action was ejectment, commenced in this court in 1882 to recover possession of certain lands in San Joaquin and Calaveras counties, in this state. The complaint alleged that plaintiff's title arose under the constitution and laws of the United States; that plaintiff derived his title from a patent of the United States, and the defendants denied the validity of such patent. The defendant demurred on the ground that the court had no jurisdiction of the subject-matter set forth in the complaint, or of the persons of the defendants. The court (Judge Sawyer) overruled the demurrer, and, while no opinion was filed, the case went to trial, and resulted in a judgment in favor of the plaintiff, from which an appeal was taken to the supreme court of the United States, and the judgment was there affirmed. 111 U. S. 797, 4 Sup. Ct. 695, and 127 U. S. 457, 8 Sup. Ct. 1177. From this record, it must be presumed that the supreme court determined that the allegations of the complaint as to jurisdiction were sufficient.

It is contended by counsel for defendant that because the court, in Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654, said that the "suggestion of one party that the other will or may set up a claim under the constitution or laws of the United States does not make the suit one arising under that constitution or those laws," it follows that the allegation in the complaint in this case that the "defendants deny the validity of said patent, and deny that it conveyed or conveys to the plaintiff or his grantor any estate, right, title, or interest in or to said lands, or in or to any part thereof," is insufficient to show jurisdiction. If this was the only allegation showing that the determination of the suit depends upon some question of a federal nature, the demurrer would be well founded. In the case cited there was no such allegation, but the complaint in this case shows further that by virtue of the patent the plaintiff asserts a right under the laws of the United States; and this is precisely what the supreme court determined, in the case referred to, the complaint or declaration should show, to sustain the jurisdiction of the circuit court. The demurrer is overruled.