## FLORIDA C. & P. R. CO. v. BELL et al.

(Circuit Court of Appeals, Fifth Circuit.    May 24, 1898.)

No. 599.

1. FEDERAL COURTS—JURISDICTION.

The federal courts have jurisdiction of an action to recover possession of lands which plaintiff claims by virtue of pre-emption under the laws of congress, and which defendant claims under an act of congress granting land to railroads, and where it appears that defendant resisted the plaintiff's pre-emption claim in the different stages of the prosecution thereof.

2. SAME.

The federal courts have jurisdiction of an action for mesne profits of land during the time between plaintiff's pre-emption entry and the issuance of the patent.

3. PLEADING—JURISDICTION.

The jurisdiction of a court does not depend on defendant's answer, and cannot be taken away by it.

4. PLEADING.

A plea that "plaintiff is a person non compos mentis and insane, and cannot maintain the said above-entitled suit," is not good.

In Error to the Circuit Court of the United States for the Southern District of Florida.

This was an action by William J. Bell and others against the Florida Central & Peninsular Railroad Company to recover possession of land and damages for the occupation and use thereof. There was a judgment for plaintiffs in the circuit court, and defendant brings error.

J. C. Cooper, W. W. Howe, W. B. Spencer, and C. P. Cocke, for plaintiff in error.

H. Bisbee, for defendants in error.

Before PARDEE and McCORMICK, Circuit Judges, and SWAYNE, District Judge.

McCORMICK, Circuit Judge.    This case is brought here on a writ of error to the circuit court of the United States for the Southern district of Florida.    The declaration, filed in that court, December 29, 1896, is as follows:

"William J. Bell, John W. Bell, Frank A. Bell, who at and before the time this suit was commenced were citizens of the state of Texas, E. A. Bell, Matilda P. Feihe (née Bell), all heirs of and children of Louis Bell, late of Hillsborough county, state of Florida, deceased, George A. Bell and Simon Bell, heirs of and grandchildren of the said Louis Bell, and Antone Feihe, the husband of said Matilda P. Feihe, plaintiffs, by H. Bisbee and Padgett & Forrest, their attorneys, sue the Florida Central & Peninsular Railroad Company, a corporation organized and existing under the laws of Florida, the defendant, because the defendant heretofore, to wit, in the year 1890, took possession of, as its railroad bed and right of way, and built its railroad of four tracks across and through and upon, a strip and parcel of land, being a part of lot 8, section 24, township 29 south, of range 18 east, according to the surveys, maps, and plats thereof made by the government of the United States, and under and according to the laws of the said United States, which said lot 8 is in Hillsborough county, state of Florida, and in the said Southern district of Florida: which said strip and parcel of land, so taken as aforesaid by

the defendant, and which the said defendant is in possession of and was in possession of at the time of the commencement of this suit, contains about seven acres, of the value of $30,000, to which the plaintiffs claim title; and the defendant has received the rents and profits of said land since the 1st day of December, 1889, of the yearly value of $4,000, and refuses to deliver the possession of the said land to the said plaintiffs, or to pay the rents or profits thereof. And the said plaintiffs allege that, in and by the construction of its said railroad upon, over, and through the said strip and parcel of land by the defendant, the defendant has dug up the said land in making its roadbed, and has taken away and removed the plaintiffs' fences thereon, and the soil and sand thereof, and other wrongs and trespasses and injuries to the said land and to the plaintiffs' possession and freehold committed, to the plaintiffs' damage of $10,000, exclusive of such rents and profits, which the defendant neglects and refuses to pay to the plaintiffs. And the plaintiffs allege that they claim title to the said land under and by virtue of a patent granted by the government of the United States of America to the said Louis Bell and his heirs, upon a pre-emption claim for said land under the laws of the United States, originally commenced and filed in the local land office of the United States of America at Gainesville, Florida, in 1883, and prosecuted by the heirs of the said Louis Bell and his heirs, the plaintiffs, in said land office, and upon appeal in the general land office of the government; and upon and from an appeal from the decision of the commissioner of the said general land office to the secretary of the interior of the United States the said heirs prosecuted the pre-emption claim, until, by the order and decision of the said secretary, the said patent was granted. And the plaintiffs allege that at various and sundry times during the said prosecution of the said pre-emption claim in the general land office aforesaid, and in the office of and before the said secretary, the defendant claimed, insisted, and contended that the plaintiffs were not, under any of the laws of the United States, entitled to have a patent to said land granted to the said Louis Bell and his heirs; and the said defendant, at the time of the commencement of this suit, claimed and insisted that the plaintiffs derived no title to the said land under and by virtue of the patent, and at said time claimed that under the laws of the United States of America, and especially under and by virtue of the first section of an act of congress entitled 'An act granting public lands in alternate sections to the states of Florida and Alabama, to aid in the construction of certain railroads in said states,' approved May 17, 1856, it was entitled and had the right to locate the route of its railroad and construct the same through the said lands, and to be in possession thereof, on the ground, among other grounds, that the said section 8 was a part of that tract of land, which constituted at one time a military reservation known as the 'Fort Brooke Military Reservation,' at Tampa, state of Florida. And the plaintiffs allege that after the passage of an act of congress entitled 'An act to provide for the disposal of abandoned and useless military reservations,' approved July 5, 1884, they contended for and claimed title to, and a patent to, the said parcel of land under and by virtue of the first proviso of the second section of the last-mentioned act of congress, both in the office of the said general land office and of the secretary of the interior, and the defendant appeared in both of the said offices by its counsel, and there claimed and contended, and at the commencement of this suit claimed and contended, that the plaintiffs were not entitled to a patent or title to said parcel of land under the said proviso of the said act of congress, and at the times aforesaid it claimed and insisted that it was entitled to locate the route of its railroad through said parcel of land, and to be in the possession thereof, under and by force of the third proviso of the aforesaid act of congress approved May 17, 1856; to the plaintiffs' damage of $40,000."

To this declaration, the Florida Central & Peninsular Railroad Company, the plaintiff in error, on February 1, 1897, submitted the following plea:

"Now comes the defendant in the above-entitled cause, by John C. Cooper, its attorney, and for a plea to plaintiffs' declaration says it is not guilty as alleged in said declaration."

On February 5th the defendant moved the court for leave to submit additional pleas, as follows:

"(2) Now comes the defendant in the above-stated cause, and for a further plea, filed by leave of court, says that this honorable court has no jurisdiction, and did not have any jurisdiction at the time of the commencement of this suit, to entertain said suit; and defendant admits that before the commencement of this suit a patent was issued from the United States to Louis Bell and his heirs to all of lot 8, section 24, T. 29 S., R. 28 E., and that the plaintiffs claim title to said land described in the declaration as heirs of Louis Bell under said patent: and this defendant says it is not true that the defendant, at the time of the commencement of this suit, claimed and insisted that the plaintiffs derived no title to the said land under and by virtue of the said patent; and it is not true that at said time, or at any time since, the defendant claimed under the laws of the United States of America, or under an act of congress entitled 'An act granting public lands in alternate sections of the states of Florida and Alabama, to aid in the construction of certain railroads in said states,' approved May 17, 1856, or under an act of congress entitled 'An act to provide for the disposal and abandonment of useless military reservations,' approved July 5, 1884, or any other act of congress or law of the United States, any right, title, or interest in said land, or to locate the route of its railroad and construct the same through said land, but this defendant admits that now, and at the time of the commencement of this suit, it had no claim or title, and that it does not now, and did not at the time of the commencement of this suit, assert any claim or title, to said land under any act of congress or law of the United States. Wherefore the defendant says that this honorable court should no longer entertain jurisdiction of said suit, and said suit should be dismissed.

"(3) And for further plea defendant says that the plaintiff Matilda P. Feihe is a person non compos mentis and insane, and cannot maintain the said above-entitled suit.

"(4) And for a further plea defendant says that in December, 1889, and in January, 1890, it located and constructed its road and took possession of said right of way across and through said lot 8, section 24, township 29 south, of range 28 east, described in the plaintiffs' declaration, and laid its tracks thereon, and has continuously ever since maintained and operated said railroad thereon; and that on the 21st day of December, 1896, it filed its proceedings and petition in the circuit court for the Sixth judicial circuit in and for the county of Hillsborough, state of Florida, for the purpose of having valued and condemned the said land, and to acquire title under its right of eminent domain under the laws of the state of Florida, and that process was duly issued upon the said petition and proceedings as required by the laws of the state of Florida, directed to the plaintiffs in this suit as defendants to said proceeding, and the said process has been served upon said defendants, who have answered the said petition, and said proceedings are now pending and undisposed of in said court; and that in and by the said proceedings, and the judgment of said court thereof, this defendant will acquire the title of the plaintiffs to the said property, and the compensation will be awarded and paid thereunder to the plaintiffs for their right, title, and interest in the said property.

"(5) And for a further plea defendant says that theretofore, to wit, on the 21st day of January, 1890, the complainants, and those under whom they claim as heirs at law, filed their original bill in this honorable court, on the equity side, to enjoin the defendant from constructing and operating its railroad across said land; and that on the 2d day of January, 1890, his honor, Don A. Pardee, circuit judge, issued an order on said bill for a temporary injunction against the defendant, but providing that, upon the defendant's filing its bond in the sum of $5,000, said injunction should be dissolved, or on the defendant's acquiring title under condemnation proceedings under the laws of the state of Florida; that said defendant did file the said bond, which was approved by the clerk of this court, through his deputy clerk at Tampa, Florida, and that on the 22d day of December, 1896, said plaintiffs in this suit, by leave of court, filed their supplemental bill in the said above-mentioned equity cause in this court, setting up the former proceedings on the original

bill, and that they, as heirs at law of Louis Bell, had acquired a patent to said land from the United States, and praying for an injunction against the defendant's using or occupying any portion of said land, or from running or operating its said railroad upon said land, and that the defendant be decreed to have no right to condemn any part of said land under the laws of eminent domain of the state of Florida, and to enjoin the same, and for compensation to the complainants for the value of said land, and to remove said railroad from said lot, and for compensation for the use and occupation of said land by the defendant, and for waste and damage alleged to have been committed on said lot by the defendant. On February 1, 1897, this defendant filed its answer to the said supplemental bill, setting up its defenses thereto, and also alleging that it had not commenced proceedings in the circuit court of the Sixth judicial circuit, Hillsborough county, state of Florida, for the purpose of condemning said property under the laws of eminent domain of the state of Florida; and that the said equity cause involves the title to the same land, and in all respects the same subject-matter and the same relief, as this suit, and said equity cause is still pending and prosecuted by the complainants. Wherefore defendant says the plaintiffs ought not to maintain this suit against this defendant."

### Thereupon the court made this order:

"This cause coming on to be heard upon the motion of the defendant for leave to file additional pleas, * * * and it having been fully heard and considered, and it appearing that none of said pleas constitute a good defense to said action that could not as well be shown under the general plea of not guilty, it is ordered that said motion to file additional pleas be denied. * * *"

### On March 5, 1897, the plaintiff in error presented its motion as follows:

"Now comes the defendant in the above cause on this day and moves the court to dismiss said cause, for the reason that there is nothing upon the face of the declaration to show that this court has jurisdiction to hear and determine the said cause."

### —On which the court made its order, to wit:

"On consideration of this motion to dismiss, it is ordered in open court, March 11, 1897, that said motion be dismissed."

### Thereupon the parties filed in open court a written stipulation in these words:

"Now come the above-named parties, plaintiffs and defendant, by their respective counsel, and hereby agree to waive a jury, and that the action may be tried by the court without a jury."

### On March 23, 1897, the circuit court made its findings, as follows:

"This cause coming on for a hearing by the court without a jury, a jury having been waived herein by a stipulation by the parties in writing, and having been fully heard by the introduction of documentary evidence and the testimony of witnesses, and being duly considered, the court finds, as matters of law, that the plaintiffs are entitled to the possession of, and have a fee simple title in and to, the land hereinafter described, and the undivided interests of the plaintiffs in and to the said land are as follows, to wit: William J. Bell, John W. Bell, Frank A. Bell, Eliza A. Bell, and Matilda P. Feihe (née Bell) have and own each one undivided sixth part and interest in the said land; and that George A. Bell and Simon Bell have and own each one undivided twelfth part and interest in said land. And the court further finds, as a matter of law, that the plaintiffs have at all times within seven years next before the commencement of this action been entitled to the exclusive possession of said tract or lot of land hereinafter described, and are entitled to such amount in the form of judgment for damages and mesne profits as will fully compensate them for any damages that have been sustained, and loss of rents and profits which have been caused, by the unlawful trespass and

possession of the defendant herein. And the court further finds, as a matter of fact, that in damages and in loss of rents and profits the plaintiffs have been injured and damaged to the extent of $1,955. And the court further finds, as a mixed matter of law and fact, for the plaintiffs, and that they should have judgment for the shares and portions as found in the first finding, to wit: William J. Bell, John W. Bell, Frank A. Bell, Eliza A. Bell, Matilda P. Feihe (née Bell), each one-sixth part, and George A. Bell and Simon Bell each one-twelfth part, in fee simple interest in and to the following described lot or tract of land, to wit: A strip and parcel of land, being a part of lot 8, section 24, township 29 south, range 18 east, of the meridian of Tallahassee, state of Florida and county of Hillsborough, known and described as follows, to wit: Beginning at a point in the east boundary line of said lot 8, at a distance of 75 feet in a south direction from the northeast corner of said lot,—running southwesterly parallel to the northwesterly boundary line of said lot, to the western boundary line of said lot 8, fourteen hundred and twenty-four feet; thence south, on said western boundary line of, 75 feet; thence northeasterly, on a line parallel to said northwestern boundary line of said lot, to the eastern boundary line of said lot; thence north, along said eastern boundary line 75 feet, to the place of beginning. And the court further assesses their damages for injury, use, and occupation while said land has been held and occupied by said defendant company at $1,955, for which judgment should be given."

—And on the same day entered judgment in favor of the plaintiffs below (defendants in error here) to the effect that they "receive and recover from the defendant, the Florida Central & Peninsular Railroad Company, the sum of nineteen hundred and fifty-four dollars, as well as ———— for costs in this behalf; and it is further considered that said plaintiffs have a fee-simple title in and to the lands and premises described as follows, to-wit: [Giving a description of the land.]"

The assignment of errors embraces 12 specifications. After a careful examination and consideration of the record and the briefs and oral arguments of counsel submitted, we deem it necessary to notice only the fourth ground of error suggested by the plaintiff in error, that the court below refused to grant the defendant's motion to dismiss for want of jurisdiction. It is clear to us that this assignment of error is not well taken. The plaintiffs' whole suit in the circuit court rested upon the different statutes of the United States giving their ancestor a right to pre-empt the land for which their action is brought. Moreover, their action was not for a recovery of the land alone, nor for the establishment of their title to it alone, but an important part of their action, if not the chief part, so far as it invoked litigation, was the recovery of damages for the occupation and use of the land for the years prior to the issuance of the patent. That part of the plaintiffs' action the defendant below did not admit, but, on the contrary, zealously denied, and still stoutly contests, and makes that contest the foundation of four specifications of error embraced in its assignment.

There is no effort in this case to found the jurisdiction of the court on the diverse citizenship of the parties. There is nothing in the record to indicate that the judge of the circuit court entertained jurisdiction of the case on that ground. The declaration shows that, in the pre-emption claim by the ancestor of the defendants in error to the land involved, the claim was stoutly resisted by the plaintiff in error in the different stages of the prosecution thereof and before

the different officers of the land department. It shows that under a named act of congress (approved May 17, 1856) the defendant claimed the right to occupy the land in question in the manner that it was occupying it, without accountability to the defendants in error. It is difficult to perceive how the case made in the circuit court by the defendants in error could be determined by that court without its construing the acts of congress with reference to entries thereby authorized to be made on public lands, conditioned as the land in question was at the time of Louis Bell's entry; and the fact that there had been a long-continued contest in reference thereto in the different offices, and before the different officers, of the land department, would seem sufficient to show that there might be a construction of the public laws relating to that particular part of the public domain which would uphold the right of the heirs of Louis Bell, and support their patent thereto, and also that there might be a construction of the laws of congress relating thereto which would defeat, as the defendant had long attempted to defeat, the right of this pre-emptor and his heirs. So that, independently of the claim for mesne profits for the time transpiring between the pre-emption entry and the issuance of the patent, it is clear that the issues made by the declaration presented a case within the jurisdiction of the circuit court. Doolan v. Carr, 125 U. S. 618, 8 Sup. Ct. 1228; Railway Co. v. Ziegler, 167 U. S. 65, 17 Sup. Ct. 728; Pierce v. Molliken, 78 Fed. 196. There is even less room to doubt that the circuit court has jurisdiction of the case for the recovery of mesne profits accruing before the issuance of the patent. Evans v. Durango Land & Coal Co., 25 C. C. A. 531, 80 Fed. 433.

We think the court did not err in refusing the motion of the plaintiff in error for leave to file the additional pleas submitted. So far as these pleas were intended to affect the jurisdiction of the court, they are clearly bad, because the jurisdiction of the court did not depend upon the defendant's answer, and could not be taken away by it. Osborn v. Bank, 9 Wheat. 826.

As to the plea which sought to question the capacity of one of the plaintiffs to sue, it came too late, and, if it had been presented in time, it was clearly not good as pleaded. Dudgeon v. Watson, 23 Fed. 161.

As the record shows no error in the proceedings in the circuit court for which, in our opinion, the judgment of that court should be reversed, it is affirmed.