### In re KRONBERG.

(District Court, E. D. Arkansas, W. D. October 21, 1913.)

#### No. 1,482.

INSANE PERSONS (§ 94*)—PROCEEDINGS BY NEXT FRIEND—CLAIM IN BANKRUPTCY.

> Where a creditor of a bankrupt was non compos mentis but not actually insane, and had not been adjudged incapable by any court of competent jurisdiction, and had no guardian or committee, he was entitled to file and prosecute his claim against the bankrupt's estate by next friend.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 164, 165; Dec. Dig. § 94.*]

In the matter of bankruptcy proceedings of Isaac Kronberg. On petition to review a referee's order suspending proceedings on the claim of a creditor alleged to be non compos mentis until the appointment of a suitable guardian to act in his behalf. Reversed, with directions.

Herman Kronberg, who is alleged to be non compos mentis and incapable of taking care of his business affairs, but has never been adjudged so by any court of competent jurisdiction, and has no guardian nor committee to manage his affairs, has filed a claim by his next friend against the bankrupt estate. The referee in bankruptcy on objection of counsel for the trustee, has held that "until the claimant's status has been determined by a court of competent jurisdiction and a proper person, authorized by such court, appointed to represent his interests herein, no further steps can be properly taken in this matter," and therefore suspended action until that has been done.

Powell Clayton, of Little Rock, Ark., for claimant.
James A. Comer, of Little Rock, Ark., for trustee.

TRIEBER, District Judge. (after stating the facts as above). The only question involved in this proceeding is whether a person, not a lunatic but alleged to be non compos mentis, can maintain an action by his next friend although he has never been adjudged to be non

compos mentis by any court of competent jurisdiction, and no guardian or committee has been appointed to act for him.

While there are some few decisions which hold that when one is a lunatic or insane person he cannot sue by next friend, all the authorities, English as well as American, hold that when the person is not actually insane, but only incapable through weakness of mind, an action may be maintained by prochein ami or next friend. Some of the English cases to that effect are Light v. Light, 25 Beav. 248; Beall v. Smith, 43 L. J. Ch. N. S. 245, L. R. 9 Ch. 85, 29 L. T. N. S. 625; Rock v. Slade, 7 Dowl. P. C. 22; Cardwell v. Tomlinson, 54 L. J. Ch. N. S. 957, 53 L. T. N. S. 746; Nelson v. Duncombe, 9 Beav. 211; Daniell's Chancery Practice (4th Am. Ed.) p. 9, and authorities cited. The same rule has been followed by the American courts generally, as will be seen by reference to a few of the numerous cases on that subject. Smith v. Smith, 106 N. C. 498, 11 S. E. 188; Reese v. Reese, 89 Ga. 645, 15 S. E. 846; Edwards v. Edwards, 14 Tex. Civ. App. 87, 36 S. W. 1080; Plympton v. Hall, 55 Minn. 22, 56 N. W. 351, 21 L. R. A. 675; Wager v. Wagoner, 53 Neb. 511, 73 N. W. 937; Whetstone v. Whetstone, 75 Ala. 495; Howard v. Howard, 87 Ky. 616, 9 S. W. 411, 1 L. R. A. 610; Collins v. Toppin, 63 N. J. Eq. 381, 51 Atl. 933; Denny v. Denny, 8 Allen (Mass.) 311; Appeal of Wentz, 76 Conn. 405, 56 Atl. 625.

While most of the authorities hereinbefore cited were in equity, the same rule applies in actions at law. Collins v. Toppin, 63 N. J. Eq. 381, 51 Atl. 933; Rankin v. Warner, 2 Lea (Tenn.) 302; Wilson v. Ansley, 47 Ga. 278; Chicago, etc., R. Co. v. Munger, 78 Ill. 300; Jetton & Farris v. Smead, 29 Ark. 372, 381; Peters v. Townsend, 93 Ark. 103, 124 S. W. 255. The two last cases arose under the Code of Practice of the state of Arkansas now in force.

The statute of Arkansas provides:

"The action of a person judicially found to be of unsound mind must be brought by his guardian, or, if he has none, by his next friend." Section 6026, Kirby's Digest of Statutes of Arkansas.

In Peters v. Townsend, supra, it was held:

"The statute refers in express words only to persons judicially found to be of unsound mind; but it is not to be doubted that the Legislature intended to give equal protection to persons of unsound mind in actions by or against them, though not judicially declared to be such. The language of the statute warrants that construction."

And this rule seems to have been approved by the national courts in which this question arose. Dudgeon v. Watson (C. C.) 23 Fed. 161; Florida, etc., Ry. Co. v. Bell, 87 Fed. 369, 31 C. C. A. 9. Although the last-cited case was by the Supreme Court reversed (176 U. S. 321, 20 Sup. Ct. 399, 44 L. Ed. 486), the reversal was upon the question of jurisdiction and not on this point.

In King v. McLean Asylum, 64 Fed. 325, 12 C. C. A. 139, 26 L. R. A. 784, the next friend of an insane petitioner for a writ of habeas corpus was permitted to maintain the action.

In Covington v. Neftzger, 140 Ill. 608, 30 N. E. 764, 33 Am. St.

Rep. 261, it was held that an action by a lunatic could not be maintained by the next friend; but this case has since been overruled by that court. Isle v. Cranby, 199 Ill. 39, 64 N. E. 1065, 64 L. R. A. 513, and cases cited in that opinion.

In view of these authorities, the court is of the opinion that this action may be maintained by the next friend, especially as it is permitted in the courts of Arkansas, in which state this proceeding is pending and the cause of action arose. Whether an action on behalf of one actually insane can be maintained by a next friend need not be determined in this cause, as there is no such issue before the court. What the court does decide is that a person not actually insane, but non compos mentis, who has not been adjudged as incapable by a court of competent jurisdiction and who has no guardian or committee, may maintain an action in this court by his next friend.

The action of the referee will be set aside with directions to hear the claim on the merits.