## In re Estate of John Rankin, Incompetent.

## Gen. No. 9,400.

Heard in this court at the May term, 1943. Opinion filed February 29, 1944.

HOMER D. McLAREN, of Springfield, for appellant.

HOMER B. HARRIS and LYMAN S. MANGAS, both of Lincoln, for appellee.

MR. JUSTICE RIESS delivered the opinion of the court.

After trial and verdict by a jury in the county court of Logan county on July 8, 1942, John Rankin was adjudged to be an incompetent person and incapable of managing his estate. An appeal was taken from that judgment to the circuit court of said county. On July 8, 1942, upon trial *de novo,* an order was again entered finding appellant Rankin to be incompetent and incapable of managing his estate and on July 23, 1942, John F. Lanterman was duly appointed as conservator of said estate. From that order, an appeal was taken to this court which affirmed the judgment of the circuit court; the case being reported as *Rankin v. Rankin,* 322 Ill. App. 90.

On December 15, 1942, the said conservator filed a petition in the above county court setting forth in substance that Paul Rankin, a nephew of John Rankin who had filed the original petition in Gen. No.

9,393 asking appointment of a conservator, was without funds or means to appear and defend said cause upon appeal and petitioned for an order directing the conservator to pay from the estate of said ward the cost of printing and preparing briefs, additional abstract and necessary costs or expenses including employment of counsel to represent appellee in said proceedings and defend the above order of the circuit court. John Rankin, by Homer D. McLaren, an attorney-at-law, appeared and filed an answer therein without any order or leave of court and opposed the prayer of said petition of the conservator, which petition was duly heard and allowed by said court on January 4, 1943. From that order, notice of appeal to the circuit court of said county was filed on January 21, 1943, by said incompetent ward, appearing as "John Rankin, by his attorney Homer D. McLaren." On January 23, 1942, an appeal bond to the circuit court of said county was approved by the judge of said county court in the sum of $100 signed by John Rankin, A. M. Park and Maud M. Campbell. No order of appointment of a guardian *ad litem* nor of said McLaren either as guardian *ad litem* or next friend of John Rankin authorizing him to prosecute an appeal from said order was entered previous to the order fixing and approving said appeal bond. Upon motion of the conservator in the circuit court, the appeal was dismissed for want of jurisdiction. From this order, an appeal was prayed to the Supreme Court in which briefs and abstracts were filed and a vacation order was entered therein on April 14, 1943, finding that said cause had been wrongfully appealed to the Supreme Court and transferring the same to this court for further proceedings.

Appellant assigns errors in dismissing the appeal from the county court to the circuit court for want of jurisdiction; in not interpreting the law in relation to conservatorships; in not passing upon the merits of

the case and in finding that the county court had not by any order authorized, allowed and approved the appeal.

The principal and controlling contention of appellee is that when a conservator has been appointed by the court having jurisdiction of the parties and subject matter, an action cannot be lawfully brought, prosecuted, defended or appealed by another person, acting for and on behalf of the ward, by designating himself as next friend, without express appointment and authority from the court. Appellee further contended that the appeal bond was void *ab initio,* since an incompetent person who signed the bond as principal could not be bound thereby under the inhibiting provisions of sec. 126, ch. 3, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 110.375], providing that ''Every note, bill, bond or other contract by any person who is an adjudged insane or an adjudged incompetent person is void as against that person and his estate, . . . .'' Appellee cited in support thereof and as construing said language, *Karr v. Rust,* 217 Ill. App. 555–562; *Morrison v. Beers,* 327 Ill. 139, 158 N. E. 371 and *Bradshaw v. Lucas,* 214 Ill. App. 218, 223. The latter case holds that from the time a person is adjudged to be distracted and incapable of caring for his property and effects, until, if ever, he is adjudged to be restored, he has no more legal power to act for himself than if he were dead and that a contract made, or release or receipt given by him has no legal significance. Chapter 86, sec. 14, Ill. Rev. Stat. Persons who, during that time, have business transactions in which the incompetent ward is concerned must deal with him through his conservator. Section 124 of the Probate Act expressly provides that the conservator shall appear and represent his ward in all legal proceedings, unless another person is appointed for that purpose as conservator or next friend. But this does not impair the power of any court to appoint a conservator or next friend to defend the interests of the ward in that

court, or to appoint or allow any person as the next friend of a ward to commence, prosecute or defend any suit in his behalf. It is contended by appellee that the above salutary provision requiring such order of court is applicable and is designed and intended to protect the interests and estate of the incompetent ward. Here, it appears from the record that no order was entered by the county court appointing the said McLaren as guardian *ad litem* or next friend nor was any order of any kind authorizing him to appear in the county court in opposition to the conservator's petition entered by said court. It is patent from the record that said McLaren appeared voluntarily in the proceeding and wholly without authority of any order of the court, ostensibly in behalf of the ward. It is said in *Covington v. Neftzger,* 140 Ill. 608–612 that one undertaking to appear on behalf of an insane person must have power to act for such person and bind him and his estate and that without proper authority, the lunatic or insane person cannot appear by his next friend. In *Isle v. Cranby,* 199 Ill. 39, this is said to be especially true when there is a conservator and it appears that the next friend was not appointed by the court but seemed to have been a mere volunteer. In *Covington v. Neftzger, supra,* the Supreme Court further said: ''The court required Covington, the next friend, to file bond for costs but this cannot be construed as an order authorizing him to sue as next friend.'' The order providing the amount and approving the bond by the county court following the decision of the case granting the petition of the conservator sought to be appealed from in no sense obviated the necessity for the prior appointment of a guardian *ad litem* or next friend to appear and act in opposition to the petition or in the prosecution of an appeal.

While it is true that a court will exercise a sound discretion in protecting a ward against injustice or the unlawful and improvident dissipation of his prop-

erty, it may be noted from the opinion of *Rankin v. Rankin*, 322 Ill. App. 90, that this court, in affirming the original order of appointment of the conservator and requiring an accounting of his business and property interests by other persons, sought to protect the interests of the ward against fraudulent conversion and dissipation of his valuable estate by interested persons sustaining a fiduciary relation to the ward and who had allegedly secured control and possession thereof. The facts in relation thereto are fully set forth in the above opinion and we need not again discuss the same.

It appears from the record herein that appellee conservator was duly appointed and lawfully qualified and acting as conservator of the estate of said incompetent ward at the time of the filing of the petition; that without the appointment of a guardian *ad litem* or next friend by the county court with authority to represent the said ward in said proceeding, the circuit court, upon due motion by the conservator, properly held that it was without jurisdiction to entertain the appeal and try the cause *de novo* under the particular facts and circumstances disclosed by the record.

The judgment of the circuit court of Logan county is therefore affirmed.

*Affirmed.*