874

In *re* ESTATE OF ROBERT WALDER THOMPSON, a Disabled Person (Robert Walder Thompson, Petitioner-Appellant, v. Marshall Patner *et al.*, Respondents-Appellees).

First District (1st Division)   Nos. 1—88—0857, 1—88—1010, 1—88—1907 cons.

Opinion filed July 31, 1989.

Chuhak, Tecson, Kienlen, Feinberg & Grasso, P.C., of Chicago (Barry A. Feinberg, Kelli K. Chase, and Mark B. Epstein, of counsel), for appellant.

Marshall Patner, of Marshall Patner, P.C., of Chicago, appellee *pro se.*

Despres, Schwartz & Geoghegan, of Chicago, for appellee Northern Trust Company.

Protection & Advocacy, Inc., of Chicago (Carol J. Bell, Barbara J. Heathfield, and Kristin M. Kerschensteiner, of counsel), for *amicus curiae.*

JUSTICE BUCKLEY delivered the opinion of the court:

In this consolidated appeal, Dr. Robert Walder Thompson (petitioner), a disabled person, appeals from three orders entered by the probate court on matters relating to his estate. The petitioner's family, Lee Thompson and his six children (respondent family), responds to petitioner's appeal of the February 24, 1988, order denying a petition to restore competency over petitioner's estate and awarding attorney fees, as well as the March 23, 1988, order denying petitioner's motion for leave to appeal and retain counsel.[1] The guardian of the estate, the Northern Trust Company (respondent Northern Trust), responds to petitioner's appeal of the May 24, 1988, order forbidding petitioner to

---

[1]Protection & Advocacy, Inc., was granted leave to file an *amicus curiae* brief relative to petitioner's motion for leave to appeal and retain counsel.

purchase or drive an automobile because of his disability as to his estate. Petitioner raises the following issues on appeal: (1) whether the circuit court erred in holding that he was not entitled to an appeal; (2) whether the circuit court erred in not permitting him to retain counsel for appeal; (3) whether the circuit court was justified in awarding attorney fees to an attorney not representing the guardian of the estate; (4) whether the circuit court's denial of the restoration petition as to his estate was against the manifest weight of the evidence; and (5) whether the circuit court erred in revoking his driving privileges. For the reasons set forth below, we affirm in part, reverse in part and remand.

Petitioner is a 69-year-old renowned physicist who possesses a Ph.D. from M.I.T. and whose work is displayed at the Smithsonian Institute. In the mid-1960's petitioner began suffering from alcohol addiction and was subsequently adjudicated a disabled adult in 1976 pursuant to sections 11a—1 through 11a—23 of the Probate Act of 1975 (the Act) (Ill. Rev. Stat. 1987, ch. 110½, par. 1—1 et seq.). As a result of his disability, respondent Northern Trust was appointed guardian of the estate, and, in 1978, a conservator of his person, Maxine R. Bardach, was appointed.

On January 11, 1982, the circuit court fully restored petitioner to competency of his person and removed Bardach as guardian. Respondent Northern Trust, however, remained guardian over the estate. No petition for restoration of petitioner's estate was made at this time, but petitioner was granted financial privileges consisting of an allowance of discretionary funds. From an estate valued over $1.1 million, petitioner is currently managing approximately $60,000, the amount he has saved from his discretionary fund.

On December 29, 1983, petitioner filed a "Petition for Termination of Adjudication of Disability" over his estate. Before proceedings commenced on this petition, the circuit court entered an order on June 8, 1984, granting approval of petitioner's purchase of an automobile from his discretionary funds. The circuit court entered this order following petitioner's testimony that he would utilize the vehicle for convenience and regular attendance at "AA" meetings. After numerous psychiatric evaluations, hearings were held on the petition, commencing in May 1987, and ending in May 1988. Throughout the restoration proceedings, cocounsel Mark Epstein and Barry Feinberg[2] represented petitioner.

---

[2]Feinberg filed a petition to appear as additional counsel on behalf of petitioner on August 25, 1986.

Evidence adduced at the hearings disclosed the following: Two expert witnesses, both psychiatrists who had evaluated petitioner on previous occasions, testified at the hearing. Dr. Jerome Beigler, petitioner's treating physician, testified to the damage petitioner incurred as a result of his alcohol addiction. Although Dr. Beigler determined that petitioner suffered some brain damage, he stated that a guardian for petitioner's estate was unnecessary.

Dr. Jan Fawcett testified as a court-appointed expert psychiatrist. Dr. Fawcett deemed petitioner incompetent as to his estate. He testified that petitioner has suffered from dementia associated with alcoholism and that he lacks the judgment necessary to manage a substantial amount of money. Dr. Fawcett expressed his concern that petitioner would suffer from increased stress due to the management of his large estate and would return to alcohol abuse.

On February 24, 1988, Judge Dowdle denied petitioner's petition for restoration as to his estate. At the same time, he awarded attorney fees to Marshall Patner, who represented members of petitioner's family on numerous matters throughout the hearings. He also instructed the petitioner, *sua sponte*, to cease driving and to divest himself of any automobile. The circuit court later denied petitioner's request for funding to repurchase an automobile and insurance coverage, despite an opinion from the Secretary of State's office stating that petitioner is eligible to drive so long as he is competent as to his person.

Subsequently, Feinberg filed a motion on petitioner's behalf seeking leave to appeal the denial of restoration as to his estate and an order permitting petitioner to retain counsel for appellate proceedings. The circuit court denied the motion on the basis that the Act does not permit an appeal. Feinberg also requested leave to file a motion for reconsideration and objections to the attorney fees awarded to attorney Patner. The circuit court refused to entertain the motion, finding that Feinberg lacked standing to object to the fees because his appearance was limited to representing petitioner in the restoration hearing.

On appeal, petitioner initially contends that the court erred in finding that he was not entitled to an appeal. The Act governs disability proceedings. It, however, contains no explicit authority which provides for an appeal after a restoration hearing. Petitioner argues that the right to appeal a restoration hearing may be inferred from the various provisions of the Act. We agree.

■ The Act expressly states that "[t]he Civil Practice Law *** and the Supreme Court Rules *** apply to all proceedings under this Act." (Ill. Rev. Stat. 1987, ch. 110½, par. 1—6.) The Act demands a liberal reading. (Ill. Rev. Stat. 1987, ch. 110½, par. 1—9.) Further-

more, section 26—1 of the Act provides that "[a]ppeals may be taken as in other civil cases." (Ill. Rev. Stat. 1987, ch. 110½, par. 26—1.) Pursuant to Supreme Court Rule 301 (107 Ill. 2d R. 301), "[e]very final judgment of a circuit court in a civil case is appealable as of right." Thus, since the order denying petitioner restoration as to his estate is a final judgment, it is therefore appealable as of right, similar to appeals in other civil cases.

Additionally, Supreme Court Rule 304(b)(1) (107 Ill. 2d R. 304(b)(1)) provides that "[a] judgment or order entered in the administration of an estate, guardianship, or similar proceeding which finally determines a right or status of a party" is appealable. Although petitioner's appeal was not based upon Rule 304, this rule provides another avenue by which petitioner could have invoked the right to appeal his restoration proceeding.

The right to appeal a restoration proceeding is also constitutionally required. (Ill. Const. 1970, art. VI, §6.) Section 6 of the Illinois Constitution provides that appeals from final judgments of a circuit court are a matter of right to the appellate court in their district. (Ill. Const. 1970, art. VI, §6.) Because the circuit court's order denying petitioners restoration as to his estate was a final judgment, the Illinois Constitution grants him the right to an appeal.

Finally, allowing petitioner an appeal here is in harmony with Illinois case law recognizing an appeal from disability proceedings under the Act in similar circumstances. (See *In re Estate of Barr* (1986), 142 Ill. App. 3d 428, 491 N.E.2d 1241; *In re Estate of Malloy* (1981), 96 Ill. App. 3d 1020, 422 N.E.2d 76; *In re Estate of Rankin* (1944), 322 Ill. App. 64, 53 N.E.2d 747.) We find that there is no reason here to deny petitioner the right to appeal the restoration hearing when appeals have been allowed in similar disability proceedings under the Act.

Based on the foregoing, we hold that the Act affords petitioner the right to an appeal; therefore, we reverse the circuit court's order denying petitioner's right to appeal his restoration hearing.

Petitioner next contends that the circuit court erred in not allowing him to retain counsel for appeal. We agree.

■ The Act provides for the right to counsel at a hearing where there may be an adjudication of disability. (Ill. Rev. Stat. 1987, ch. 110½, pars. 11a—10(b), 11a—21(a).) Counsel must be provided upon the ward's request. (Ill. Rev. Stat. 1987, ch. 110½, par. 11a—10(b)(2).) We find that an appeal of a final order denying a petitioner restoration as to his estate is an extension of the proceedings under sections 11a—10(b) and 11a—21(a) of the Act. Following from this implied extension, if a petitioner is entitled to counsel during the restoration proceedings,

he, too, is entitled to counsel on appeal from these identical proceedings.

Persuasive authority supports this conclusion. A thought-provoking law review article[3] on this subject matter analyzes sections 11a—1 through 11a—23 of the Act and concludes that the purpose behind these sections is to ensure that disabled adults are afforded their procedural and constitutional rights, one of these rights being the right to be represented by counsel.

Thus, pursuant to sections 11a—10(b) and 11a—21(a) of the Act, we hold that the circuit court erred in finding that petitioner is not entitled under the Act to retain counsel for appeal.

Turning to the circuit court's award of attorney fees to respondent family's attorney, Marshall Patner, petitioner contends that Patner is not entitled to fees payable from estate assets. The circuit court found that Feinberg and petitioner lacked standing to object. Respondent family further argues that petitioner has waived this issue for appeal.

Respondent family's argument that petitioner waived this issue by failing to object to Patner's attorney fees petition is ill-founded based upon the record. The record indicates that Feinberg sufficiently objected to the petition, but the circuit court refused to entertain the objection.

In contrast to the case at bar, the cases respondent family cites as finding a waiver in certain circumstances (*Mazur v. Lutheran General Hospital* (1986), 143 Ill. App. 3d 528, 493 N.E.2d 62: *Obermaier v. Obermaier* (1984), 128 Ill. App. 3d 602, 470 N.E.2d 1047) involve records that were silent as to the assertion of any objection.

The circuit court's finding that Feinberg and petitioner lacked standing to object also is incorrect. In making this determination, the circuit court stated that Feinberg was limited to representing petitioner in the restoration hearing and therefore was without authority to object to matters outside these proceedings. Neither the circuit court nor respondent family cites any authority for the proposition that Feinberg lacked standing to object on the basis that he was merely representing petitioner as to the restoration hearing. In the absence of such authority, we will not base our ruling on a distinction between the restoration proceedings and the proceedings relating to Patner's attorney fees.

As the parties recognize, awarding attorney fees is in the

---

[3]Jost, *The Illinois Guardianship for Disabled Adults Legislation of 1978 and 1979: Protecting the Disabled From Their Zealous Protectors*, 56 Chi.-Kent L. Rev. 1087, 1090, 1096 (1980).

sound discretion of the circuit court and the award granted will not be disturbed absent an abuse of discretion. (*In re Estate of Kutchins* (1988), 169 Ill. App. 3d 641, 646, 523 N.E.2d 1025, 1028; *Rennacker v. Rennacker* (1987), 156 Ill. App. 3d 712, 715-16, 509 N.E.2d 798, 801.) To properly represent an incompetent individual, however, one must have the express power and authority from the court to act for such person and to bind his estate. *Kutchins*, 169 Ill. App. 3d at 645, 523 N.E.2d at 1027; *Rankin*, 322 Ill. App. at 67, 53 N.E.2d at 749.

■ Leon Despres, attorney for guardian of the estate, requested that Patner represent respondent family because he feared that a conflict of interest would arise between petitioner's family and the guardian of the estate. Although we acknowledge that the record is devoid of any motion made by Patner for leave to file as additional counsel for respondent family, we find that the circuit court acquiesced in Patner's representation of respondent family. Because separate representation of respondent family was necessary to fairly protect the parties under these circumstances, and because we find that the circuit court's acquiescence gave Patner the authority to act and to bind petitioner's estate for attorney fees, we will not hold here that the circuit court abused its discretion in awarding Patner attorney fees.

■ Next, it must be determined whether the circuit court's ruling regarding petitioner's restoration over his estate was against the manifest weight of the evidence. In order for this court to hold the circuit court's ruling against the manifest weight of the evidence, an opposite conclusion must be clearly evident. *Wallace v. Weinrich* (1980), 87 Ill. App. 3d 868, 409 N.E.2d 336.

The record indicates that the circuit court carefully evaluated all of the evidence presented in ruling that petitioner's competency over his estate could not be restored because he continued to suffer from dementia associated with alcoholism. The circuit court considered the following: petitioner's history of alcoholism, lay/expert testimony, educational background, and petitioner's ability to manage his money and daily affairs.

■■ As the record reflects, the expert testimony was conflicting on whether petitioner should be restored to competency over his estate. Resolution of conflicting expert testimony is properly for the trier of fact. (*Falkenbury v. Elder Cadillac, Inc.* (1982), 109 Ill. App. 3d 11, 18, 440 N.E.2d 180, 186.) Since the record does not dictate an opposite conclusion, and because a reviewing court may not substitute its judgment for the circuit court where its finding is not against the manifest weight of the evidence (*In re Estate of Galvin* (1983), 112 Ill. App. 3d 677, 682, 445 N.E.2d 1223, 1226; *Malloy*, 96 Ill. App. 3d at

1029, 422 N.E.2d at 83), we affirm the circuit court's denial of petitioner's petition seeking restoration as to his estate.

■■ Petitioner's final contention is that the circuit court erred in depriving him of his driving privileges based upon his incompetency as to his estate. Because the circuit court's determination was made without affording petitioner an opportunity to offer evidence showing that his estate would not be jeopardized if he were permitted to drive, we reverse and remand and instruct the circuit court to allow petitioner the opportunity to present evidence on this issue. On remand, after petitioner has been afforded this opportunity, the circuit court shall then determine as to whether petitioner should be permitted to drive.

In making this determination, preservation of petitioner's estate will be of utmost importance. (Ill. Rev. Stat. 1985, ch. 110½, pars. 11a—3(b), 11a—18.) The record indicates that respondent Northern Trust and the circuit court feared that petitioner's estate could be dissipated in the unfortunate event of an automobile accident in which petitioner is deemed liable. Because of petitioner's age and history of alcoholism, respondent Northern Trust asserts that even the most superior insurance policy would not adequately insure an estate valued over $1.1 million. These arguments are well taken, but petitioner must be given his day in court to overcome these concerns.

Finally, we note that the circuit court's findings as to this matter will in no way reflect upon the Illinois Vehicle Code's "eligibility" requirements (Ill. Rev. Stat. 1987, 95½, par. 6—103(5)) or usurp the Secretary of State's authority over such matters. The adjudication here merely concerns the preservation of petitioner's estate according to the Act (Ill. Rev. Stat. 1987, ch. 110½, pars. 11a—3(b), 11a—18).

In summary, we reverse the circuit court's order denying petitioner the right to appeal his restoration proceedings and to retain counsel. We affirm the circuit court's order deeming petitioner incompetent as to his estate and its awarding of attorney fees to attorney Patner. As to the circuit court's revocation of petitioner's driving privileges, we reverse and remand the cause to the circuit court to consider, consistent with this opinion, evidence presented by petitioner on this issue.

Affirmed in part; reversed in part and remanded with directions.

CAMPBELL and O'CONNOR, JJ., concur.