## THE CHICAGO AND PACIFIC RAILROAD COMPANY

*v.*

## MARION MUNGER.

1. ABATEMENT—*plea in, must give a better writ or declaration.*  A plea in abatement must give the plaintiff a better writ or declaration, the meaning of which is, that, in pleading a mistake of form in abatement of the writ or declaration, the plea must, at the same time, *correct* the mistake, so as to enable the plaintiff to avoid the same objection in framing his new writ or declaration.

2. SAME—*insanity of plaintiff.*  A plea in abatement that, before and at the time of the commencement of the suit, the plaintiff was, and still is, an insane person, etc., is bad on demurrer,

3. INSANE PERSON—*when he may sue.*  Until the appointment and qualification of a conservator for an insane person, it is clear that suit may be brought in such insane person's name for the recovery of a debt due him.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. C. D. F. SMITH, for the appellant.

Messrs. CRANE & TATHAM, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court :

Suit was brought by appellee against appellant on a promissory note executed by it to her on the 4th of January, 1875, payable thirty days after date, for $1057.03, with interest thereon at the rate of ten per cent per annum.

Appellant pleaded this plea, verified by affidavit:

"And the said defendant, said Chicago and Pacific Railroad Company, by Chas. D. F. Smith, its attorney, comes and defends the wrong and injury, when, etc., and says that the said plaintiff, before and at the time of the commencement of this suit, was, and still is, an insane person, and as an insane person, then was, and still is, confined in an hospital for the insane, in Batavia, in said State of Illinois, to-wit: at said Cook county. And this, the said defendant is ready to verify; wherefore, it prays judgment of the plaintiff's said writ, and that the same may be quashed."

Appellee demurred, and the court sustained the demurrer and gave judgment for appellee.

The only question is, was the plea good, in law ?

The note was due and unpaid, and *somebody* was entitled to sue upon it and enforce its collection. If appellee was not, who was ? It is requisite that a plea in abatement shall give the plaintiff a better writ or declaration—the meaning of which, says Stephen, "is, that in pleading a mistake of form, in abatement of the writ or declaration, the plea must, at the same time, *correct* the mistake, so as to enable the plaintiff to avoid the same objection, in framing his new writ or declaration." Stephen on Pleading (Heard's Ed.), 431.

Chitty says : "In the case of a lunatic, the action upon a contract made with *him* should be brought in his name, not in the name of his committee." 1st Plead. (7th Am. Ed.), 20.

By our statute, the conservator of a lunatic shall demand, " sue for and receive in his own name, as conservator, all personal property of and demands due the ward," etc. R. L.

1874, Chap. 86, sec. 11. But until the appointment and qualification of the conservator, it is clear, suit is properly brought in the name of the lunatic.

The judgment is affirmed.

*Judgment affirmed.*