## GEORGE KAPPES ET AL.
### V.
### HENRY APPEL.

1. ACTION ON NOTE—DAMAGES—GUARANTY.—Where the defendants' evidence tended to show that they in good faith and for sufficient reasons, disputed the justice of plaintiff's claim to $500, the balance of the contract price, on the ground of defective work and materials done and furnished by plaintiff; that as a sort of compromise the plaintiff, at the time of the giving the note in suit for $500, entered into an undertaking of guaranty and warranty that the building was all right, which was to continue during the time the note was to run, and that defendants gave the note upon that condition. *Held*, that there being evidence of that tendency, the defendants had a right to try their case upon that theory and to endeavor to recoup from the amount of the note all such damages as they could legitimately show were the direct and natural result of a breach of said guaranty and warranty.

2. DUTY OF OWNER OF LAND.—FALLING OF HOUSE.—An owner of land has the same duty to keep on his own land a house or wall built thereon, as the filth in his cess-pool or the water in his reservoir or the snow upon his roof. His duty is to keep it in such a state that his neighbor may not be injured by its fall.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed February 12, 1884.

This was an action by appellee, Appel, against the appellants, Kappes & Eggers, upon a promissory note made by the latter, of date Nov. 10, 1880, for five hundred dollars with interest, payable to the former one year after date.

On the trial upon the general issue and stipulation authorizing the admission of matter showing failure of consideration of said note, if proper under any special plea, the defendants gave evidence tending to show that the plaintiff, with knowledge of the purpose and use thereof, had previously erected a brick building for defendants, 40 feet by 120 and three stories high, to be used by defendants as a furniture factory, for the price of $4,800, the plaintiff to furnish the brick and do the work; that the contract was for first-class work and material; that the job was finished Nov. 1st, 1881, and defendants took

Kappes et al. v. Appel.

possession; that the materials put in were bad and the work very defectively done; that a balance of $500 of the price remaining unpaid, the defendants refused to pay it, and complained of the bad materials and work; that finally they agreed that if plaintiff would guarantee and warrant the building, and keep it in repair, they would give their note for such balance payable in one year; that plaintiff so agreed and the note was given on that condition; that some two weeks afterward, large portions of the upper part of the north wall of said building fell, when there was no storm or wind or inevitable accident, down upon the roof of a cottage adjoining said building. The defendants offered to prove the nature and extent of said injury to the cottage, and what they were obliged to and did pay to the proprietor thereof on account of it. But, on objection by plaintiff, the court excluded the evidence, to which exception was taken by defendants. The defendants having given evidence tending to show the bad and defective materials and construction of said building by plaintiff, and that in consequence, the floors thereof had sunk out of their proper places so as to interfere with the use of the building for the purposes of a furniture factory, offered to prove the difference between the value of said building with the floors so sunken, and what it would be if they had not been so sunken. To this the plaintiff's counsel objected on the ground the inquiry should be what it would cost to repair the building.

The court sustained the objection and excluded the evidence. There were various other exceptions. The plaintiff had judgment for the full amount of the note.

Messrs. BRANDT & HOFFMAN, for appellants.

Mr. ELBRIDGE HANECY, for appellee.

McALLISTER, P. J.   It is indisputable that the defendants' evidence tended to show that they in good faith, and for sufficient reasons, disputed the justice of the plaintiff's claim to the five hundred dollars, the balance of the contract price, on the ground of defective work and materials done and fur-

nished by the plaintiff, in constructing the mason work of defendants' building; that, as a sort of compromise, the plaintiff, at the time of the giving the note in suit, entered into an undertaking of guaranty and warranty that the building was all right, which was to continue during the time the note was to run, and that the defendants gave the note upon that condition. There being evidence of that tendency, the defendants had the clear right to try their case upon that theory, and to endeavor to recoup from the amount of the note all such damages as they could legitimately show to have been the direct and natural result of a breach of said guaranty and warranty.

The building was in the city; the defendants, being the owners, were in the possession and use of it for a furniture factory. They owed, therefore, substantially the same duties to the proprietor of an adjoining building as they would to persons in the lawful use of the street on which it abutted. Add. on Torts, 169, 178.

" An owner of land has the same duty to keep on his own land a house or wall built thereon, as the filth in his cess-pool, or the water in his reservoir, or the snow upon his roof." His duty is, in the words of Baron Parke, " to keep it in such a state that his neighbor may not be injured by its fall." Gorham v. Gross, 125 Mass. 232.

The evidence for defendant clearly tended to show that the defendants, by the falling of the wall of their building, without inevitable accident, over upon the roof of the adjoining cottage, were legally liable to the proprietor of that cottage for the damages thereby occasioned. Mullen v. St. John, 57 N. Y. 567.

That being the case, it seems to us that the plaintiff was liable over to the defendants, upon his guaranty and warranty, for what the defendants were so liable to pay to said proprietor, or what they, in good faith, had paid to him, in respect of such damages, provided they were such as the defendants were obliged or authorized to pay under the circumstances.

The court below excluded all inquiry into such damages, and in this we think there was error. The undertaking on

the part of the plaintiff, which the defendants' evidence tended to prove, was, in legal effect, one of indemnity, and covered the loss which the defendants incurred by their wall falling onto this cottage by reason of the defect in its structure, which the evidence tended to show. Other exceptions were taken on the trial, which have been urged for reversal, but which we shall not stop to consider, since the error pointed out is clear, and was prejudicial to the appellants. The judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.