## SIMEON W. RYDER, by etc.,
### v.
## MARCUS H. TOPPING ET AL.

1.  LUNATIC—CONSERVATOR.—Notwithstanding there is a'ready a conservator for a lunatic, possessing general authority as such, by statute, a court may in its discretion appoint a conservator or next friend for a particular purpose.

2.  BILL BROUGHT BY LUNATIC AND NEXT FRIEND.—Where no conservator for a lunatic was appointed under the statute, and a bill was filed in behalf of the lunatic and another suing in his own right, *prima facie* the suit could be so brought, and a court would hardly consider the fact that no permission to so bring the suit had first been granted as a proper ground for sustaining a demurrer to the bill, otherwise sufficient.

3.  PARTIES.—Where a bill was filed against trustees for mismanagement of a trust fund in behalf of A, a lunatic, by his next friend, B, and B in his own right, and B had an important interest in the estate, contingent only upon A's death before his. *Held*, that B was a proper party to the bill. One sustaining such a relation to equitable property may file a bill *quia timet*, and the jurisdiction attaches equally in cases where there is a present right of enjoyment, and to cases where the right of enjoyment is future and contingent.

4.  CHANCERY.—The court is of opinion that the allegations of the bill as to the mismanagement of the fund are sufficient to call for answer.

ERROR to the Circuit Court of Madison county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed October 10, 1884.

The plaintiffs in error filed their bill in chancery against defendants in error, alleging:

That on the 28th of August, 1877, Simeon Ryder, of Madison county, died, leaving his wife, Anna E. Ryder, the mother of said Simeon W. Ryder, and his children, the said Simeon W. and the said Selina Bowman, who is a daughter by a former marriage; that said Simeon W. is a person of unsound mind, and has no legal conservator to represent him or bring suits in his behalf; that said deceased left a will giving certain real and personal property, describing it, to his said wife for her natural life, in lieu of dower and in trust for her own

use and for the comfortable support of said Simeon W. Second—giving one eight per cent. Alton city bond for $500 to his nephews, the Toppings. Third—the residue of his property he gives to his daughter, said Selina Bowman. Fourth—that upon the death of his wife, the property given to her and remaining undisposed of shall go in trust to the defendants to hold and manage for the use and benefit of said Simeon W. as long as he shall live, comfortably providing for him and supporting him until his death, when the property should go and be conveyed to the heirs of said Simeon W. That the will being admitted to probate and the widow refusing to act, letters testamentary were issued to the defendants in error, who, with said Anna E. Ryder, were named as executors in the will.

That on the 2d of November, 1879, the said Anna E. Ryder died intestate, leaving as her only child and heir the said Simeon W., and that the said Selina Bowman took out letters of administration upon her estate. That the property so devised and bequeathed to said Anna E. Ryder, amounting in value to $67,706.57, went into the hands of said defendants in error, of which nearly $22,000 was personal estate, consisting of cash and interest-bearing securities yielding an annual income of $2,000, and that the realty was, excepting a small quantity, improved, yielding an annual net revenue of $1,500 or more.

That it was the purpose of said deceased, believing the said Simeon W., who was then insane, would never recover his reason, and would be incapable of contracting marriage, to provide a comfortable support for his said wife and his said son, so long as they should live, and that the residue should go to said Selina Bowman; that it was also his expectation that the said Anna E. Ryder would act as one of his trustees, and that she would live longer than she did, and believing that the defendants in error were perfectly responsible and would faithfully execute the trust, he did not require them to give security therefor. That the financial condition of the trustees had greatly changed for the worse since the death of said testator; that one of the trustees, Ash, has conveyed a portion

of his property to his wife; that he and Topping have used the funds of said estate in their private business to the extent of at least $10,000 of principal besides the interest, and that if called upon to replace the same they would be unable to do so; that they have sold a portion of the real estate and converted the proceeds, $4,000, to their own use; that they have mismanaged the property, failed to keep it in repair, though having funds in their hands with which to do so; that they have not used proper care and diligence in loaning the money; that the cost of administering the estate and supporting said Simeon W. ought not to exceed $1,200 per annum, and that there ought to be a net balance each year in favor of the estate of at least $2,000, but that in fact the estate has greatly decreased in amount instead of increasing; that the trustees have never rendered any account, though frequently requested so to do by said Selina Bowman, and that such omission is because an account would show that the estate has been wasted and impaired; that they have been guilty of such conduct in the management of the trust as would subject them to removal and would disclose the fact that they have appropriated $15,000 or more of the moneys of said estate which they are unable to replace, and it is further charged that it is the purpose of said trustees to entirely squander said estate and that they will do so unless removed or required to account fully and give bond for the faithful performance of the trust.

The bill then prays for an account, and, upon a showing that there has been the alleged mismanagement and waste, that the trustees may be removed, etc.

On the 19th of March, 1884, the defendants interposed their demurrer to said bill; alleging, as a specific cause of demurrer, that the said Selina Bowman was not a proper party complainant in said cause. Afterward, on the 5th of May, 1884, the following order was entered in the cause:

And now at this day, this cause coming on to be heard on the demurrer of said defendants to the bill of complaint herein filed: Whereupon the complainant, Selina Bowman, enters her motion for the leave of the court to file this bill and prosecute this suit, as next friend of said Simeon W. Ryder, which

Ryder v. Topping.

motion was refused, and the demurrer to said bill sustained by the court, and said bill was dismissed, as without equity; to which ruling of the court the complainant then and there excepted. And she elects to stand by her bill, and prays an appeal to the Appellate Court of the State of Illinois for the Fourth District, which is granted upon her giving bond in the sum of seventy-five dollars, the security to be approved by the clerk of this court, within forty-five days.

Messrs. METCALFE & BRADSHAW, for plaintiffs in error; cited Story's Eq. Pl. §§ 143, 144; Perry on Trusts, § 275; 2 Story's Eq. Jurisdiction, § 1065.

In the absence of a conservator, suit can be instituted in a lunatic's own name directly or by next friend: C. & P. R. R. Co. v. Munger, 78 Ill. 300; 1 Daniell's Chancery Pl. & Prac. 5th. Ed. Ch. 3, § 6.

As to the enforcement of trusts in chancery: Moore v. School Trustees, 19 Ill. 83; Coates v. Woodworth, 13 Ill. 654; Curtis v. Brown, 29 Ill. 201.

Messrs. WISE & DAVIS, for defendants in error; that suit in behalf of a lunatic is not properly brought by next friend without leave of court, cited Story's Eq. Pleading, §§ 64, 66; R. S. 1877, Ch. 22, § 5; Patterson v. Pullman, 104 Ill. 80.

WALL, J. It is urged by counsel for defendants in error that the court properly ruled in dismissing the bill, because,

1st. Suit in behalf of a lunatic is not properly brought by a "next friend" without leave of the court.

2d. Selina Bowman was not a proper party, because she had no interest in the subject-matter.

3d. The bill contains no such allegations as to call for the aid of a court of equity.

On the other hand, counsel for plaintiffs in error insist upon the converse of these propositions and that the ruling of the court was erroneous.

Where a conservator has been appointed for a lunatic in pursuance of the statute it is his duty to represent his ward in all suits and proceedings unless another person is appointed

for that purpose as conservator or next friend, but it is provided that nothing contained in the act shall impair the power of the court to appoint a conservator or next friend to represent the interest of such ward in any suit or matter pending in the court, or to commence, prosecute or defend any suit in his behalf, subject to the discretion of the court. Ch. 86, Sec. 13, R. S. 1874.

By this provision the court may in its discretion appoint a conservator or next friend for a particular purpose, notwithstanding there is already a conservator possessing general authority as such.

But in the case before us there had been no conservator appointed under the statute. By the rules of Chancery Practice as laid down in Daniell, 5th Ed., page 82, "Suits on behalf of a lunatic are usually instituted in the name of the lunatic, but as he is a person incapable in law of taking any step on his own account, he sues by the committee of his estate, if any, or if none, by his next friend, who is responsible for costs;" and this proposition is abundantly supported by the adjudged cases cited in the note. See also, C. & P. R. R. Co. v. Munger, 78 Ill. 300, as to proceedings at law.

It was not made a cause of demurrer that the bill was improperly filed on behalf of the lunatic; and even if, as counsel suppose, it is a matter of discretion with the court to permit a suit to be so brought, there should appear some reason for refusing it before the suit would be dismissed. *Prima facie*, the suit may be so brought, and the court would hardly consider the fact that no such permission had first been granted as a proper ground for sustaining a demurrer to a bill otherwise sufficient, when so filed in behalf of a lunatic and another suing in his own right.

Was Selina Bowman a proper party to the bill? It is averred that the said Simeon W. is insane, incapable of contracting marriage, that the said Selina will therefore be his only heir, and by the operation of the will, if he dies during her lifetime, the property will pass to her. So that the facts being considered in connection with the will, the situation is the same as if the will in terms provided that upon his death the

Ryder v. Topping.

property should go to her.  She has therefore an important interest in the estate contingent only upon his death occurring before hers.

One sustaining such a relation to equitable property may file a bill *quia timet*, and the jurisdiction attaches equally in cases where there is a present right of enjoyment, and to cases where the right of enjoyment is future and contingent.  Story's Eq. Jur., Sec. 827.  The same author further remarks, " The object of the bill in such cases is to secure the preservation of the property to its appropriate ends and uses, and wherever there is danger of its being converted to other purposes, or diminished or lost by gross negligence, the interference of a court of equity becomes indispensable.  It will accordingly take the funds in its own hands or secure its due management and appropriation either by the agency of its own officers or otherwise.  Thus, for instance, if property in the hands of a trustee for certain specific uses or trusts (either expressed or implied,) is in danger of being diverted or squandered, to the injury of any claimant having a present or fixed title thereto, the administration will be duly secured by the court according to its original purposes in such manner as the court may in its discretion deem best, as by the appointment of a receiver or by payment of the fund, if pecuniary, into court, or by requiring security for its due preservation and appropriation."

The same principle is applied to cases of executors and administrators, who are treated as trustees of the personal estate of the deceased (Ibidem, Sec. 828), and is also applied in preserving purely legal property where the right of enjoyment is future or contingent.  Ib. Sec. 844, *et seq.;* 1287, *et seq.;* Wait's Actions and Defenses, Vol. I, page 654, *et seq.;* Perry on Trusts, Vol. 1, Sec. 275.

We are of opinion the bill was properly filed on behalf of Selina Bowman, and as the relief sought by her is substantially consistent with that prayed on behalf of the lunatic, there is no apparent reason why they may not file the bill jointly.

The remaining question is whether the allegations of the bill are sufficient to call for answer.

We think that they are. It is charged that the defendants—who, by reason of the confidence reposed in them by the testator are exercising the trust without bond—have mismanaged the property; that they have appropriated to their own use $15,000, or more, which they are unable to replace; that the property is wasting and shrinking in their hands when it ought to improve and increase; that they refuse to account because the account would show that they should be removed, and that a continuance of their present course will result in great loss to the parties interested in the estate.

Such a state of facts, if true, would call for the interposition of equity, and the exercise of its jurisdiction to correct the evils complained of.

It is suggested that a former bill was filed in reference to the same matter to which the circuit court sustained a demurrer, and that this court sustained that ruling by affirming the decree. Examination of that bill will show that its objects and allegations were quite unlike those of the present bill. It was filed on behalf of the lunatic alone, to obtain a construction of the will which was deemed unsound, and its charges of misconduct were regarded as too vague and uncertain to require answer.

We are of opinion the court erred in dismissing the bill now before us.

The decree is therefore reversed and the cause remanded.

Reversed and remanded.