## Martin v. Dufalla.

1. RES IPSA LOQUITUR—*The Thing Speaks for Itself.*—In actions for injuries by negligence, where the act complained of is such as necessarily involves negligence, no proof of negligence is required beyond the proof of the act itself.

2. NEGLIGENCE—*Res Ipsa Loquitur—Application of the Law.*—M. was constructing a large, five-story brick building, and upon a fair day, no tempest blowing, it fell upon and destroyed the dwelling of appellee; this having been proven, it devolved upon appellant to show that the fall was without his fault.

3. PRACTICE—*Appellate Court—Conservator—Objection, etc.*—The objection that an action should have been brought in the name of a conservator can not be made for the first time in the Appellate Court.

4. LUNATICS—*Suits by.*—Until a conservator is appointed, suits are properly brought in the name of a lunatic.

**Memorandum.**—Action of negligence in the Superior Court of Cook County; the Hon. GEORGE H. KETTELLE, Judge, presiding. Declaration in case; plea of not guilty; trial and judgment for plaintiff; defendant appeals. Heard in this court at the March term, 1893, and affirmed. Opinion filed May 11, 1893.

### STATEMENT OF THE CASE.

Appellant, acting as his own architect and superintendent, commenced the erection of a large manufacturing building, five stories high, covering lots owned by him on Wright street, in the city of Chicago. When the building was nearly completed, early one morning, the wall at the south end showed several' cracks extending from the first floor to the top; the east wall was bowed eastward; at 10:30 A. M. a portion from the center of the east wall fell, demolishing the appellee's house adjoining.

As a consequence this suit was brought.

### APPELLANT'S BRIEF, H. F. WHITE, ATTORNEY.

The plaintiff's proof in chief was that the building fell on a fair day, which left defendant to prove that the building was not constructed in a careless, negligent or im-

proper manner.    The plaintiff's case was made, if at all, on rebuttal.

The plaintiff must show fault or negligence of defendant. Hazel v. I. B. & W. R. R. Co., 76 Ill. 503; City of Chicago v. Major, 18 Ill. 349; Chicago & A. R. R. Co. v. Mock, 88 Ill. 87; Lamparter v. Wallbaum, 45 Ill. 446; Wabash, St. L. & P. R. R. Co. v. Koenigsam, 13 Brad. 505.

The law only requires of a person the same care in regard to his property for the security of others that prudent men do for their own, and not absolute knowledge of all dangers that may arise to others from his use of his property. Schwartz v. Gilmore, 45 Ill. 455; Pye v. Faxon (Mass.), 31 N. E. Rep. 640.

No one is liable for acts of persons not in their employ, nor for latent defects, etc.    Ill. Cent. R. R. v. Phillips, 49 Ill. 234; Toledo, W. & W. R. R. v. Beggs, 85 Ill. 80; Wabash, St. L. & P. R. R. v. Koenigsam, 13 Brad. 507.

### APPELLEE'S BRIEF, FRAKE & PEAKE, ATTORNEYS.

An owner of land has the same duty to keep on his own land a house or wall built thereon, as he has the filth in his cesspool, or the water in his reservoir, or snow and ice upon his roof.    His duty is, in the words of Baron Parke, " to keep it in such a state that his neighbor may not be injured by its fall."    Chantler v. Robinson, 4 Exch. 163, 170.

When the plaintiff proved that the building fell and injured him, he made out a case.    As buildings do not usually or necessarily fall, it was for the jury to say, under all the evidence, whether the explanation on the part of the defendants was reasonably made.    Buildings properly constructed do not fall without adequate cause.    If there be no tempest prevailing or no external violence of any kind, the fair presumption is that the fall occurred through adequate causes, such as the ruinous condition of the building, which could scarcely have escaped the observation of the owner.    The mind is thus led to a presumption of negligence on his part which may, of course, be rebutted.    Mullen v. St. John, 57 N. Y. 567.

Opinion of the Court, Waterman, J.

This is an appeal from a judgment rendered for damage done by the falling of appellant's building, while in course of construction, whereby appellee's cottage was demolished.

It is conceded that appellant was constructing a large, five-story brick building, and that upon a fair day, no tempest blowing, it fell upon and destroyed the dwelling of appellee; this having been proven, we think it devolved upon appellant to show that the fall was without his fault.

Buildings properly constructed do not fall without adequate cause.

But for the act of appellant in building his large structure, the premises of appellee would not have been harmed; destroyed as they were by the falling of appellant's manufactory thereon, it is for him to show that he was not at fault. Mullen v. St. John, 57 N. Y. 567; Chantler v. Robinson, 4 Exch. 163, 170; Gorham v. Gross, 125 Mass. 232, 237; Shipley v. Fifth Associates, 106 Mass. 194, 198; Kappes et al. v. Appel, 14 Brad. 170.

The case is one in which the principle *res ipsa loquitur* is applicable. 2 Thompson on Negligence, 1220.

It is urged, for the first time in this court, that the action should have been brought in the name of a conservator said to have been appointed for Dufalla, who is an insane person. Such objection can not be here urged for the first time.

Until a conservator of a lunatic is appointed, suits are properly brought in the name of the lunatic. Chicago & Pacific Ry. Co. v. Munger, 78 Ill. 300.

There was no competent evidence that a conservator for the plaintiff had been appointed; such appointment is a judicial act, and should be proven by a copy of the record; in the present case, a witness merely incidentally testified that he had been appointed conservator of appellee.

We find no error in this record warranting a reversal of the judgment, and it is affirmed.