HOMER D. WAGER ET AL. V. PHILIP S. WAGONER.

53  511
61  879

FILED JANUARY 19, 1898.  No. 7692.

1. **Insane Persons: SUITS: NEXT FRIEND.** One who is insane, but who has not been so adjudged, and who has no guardian, may sue by his next friend.

2. .**Review: INCOMPETENT EVIDENCE: HARMLESS ERROR.** A judgment in a case tried to the court without the intervention of a jury will not be reversed because of the admission of incompetent or immaterial evidence when there was sufficient competent evidence to sustain the finding.

3. **Insane Persons: DEEDS: AVOIDANCE.** In order to avoid the deed of an insane person, it is unnecessary to prove that there was fraud or other wrong-doing inducing its execution.

4. ——: ——: ——: CONSIDERATION. The deed of an insane person may be set aside without returning the consideration, at least when it does not appear that a return in specie is practicable..

ERROR from the district court of Boone county. Tried below before KENDALL, J.  *Affirmed.*

*J. S. Armstrong* and *Charles Riley*, for plaintiffs in error:

An action by an insane person should be brought by a properly-appointed guardian, and not by a next friend. (*Covington v. Neftzger*, 30 N. E. Rep. [Ill.] 764; *Dorsheimer v. Roorback*, 18 N. J. Eq. 438; *Nichol v. Thomas*, 53 Ind. 42; *Tiffany v. Worthington*, 65 N. W. Rep. [Ia.] 817; *Row v. Row*, 41 N. E. Rep. [O.] 239.)

*Duffie & Van Dusen* and *Howell & Spear*, contra.

IRVINE, C.

This action was brought in the name of Philip S. Wagoner by William J. Wagoner as his next friend, against Homer D. Wager and two others. The petition alleged that Philip S. Wagoner was, on August 25, 1893, insane and wholly incapable of contracting, that he was the owner of certain described land in Boone county, and that the defendants conspired together to defraud him thereof,

and procured him to convey said land to Wager for a grossly inadequate price. The answers were in effect general denials. There was a trial to the court and a general finding for the plaintiff, followed by a decree requiring Wager to reconvey to the plaintiff.

The first question presented is whether the action may be maintained by a next friend. It is both pleaded and proved that there had been no adjudication of insanity and no guardian appointed. Under such circumstances we have no doubt that the action was properly brought by a volunteer as the next friend of the insane person. One is not an outlaw, although insane, and the courts will interfere to protect his rights of person and of property at the instance of one who volunteers on his behalf. This does not open up the way to vexatious litigation by irresponsible persons, because the court would in such case have the power, expressly reserved in the case of infants, to discontinue the suit if it turn out to be not in the interest of the plaintiff to have it prosecuted, to substitute another person by appointment for the volunteer if he should be deemed unsuitable, or to substitute the duly appointed guardian if one should be appointed *pendente lite*. To hold that a suit may not be so maintained would frequently deprive lunatics of all protection, because it may often happen that the time occupied in procuring the appointment and qualification of a guardian would render all relief impracticable. The cases holding that a lunatic may not sue by next friend are for the most part those where a guardian or committee has been appointed, or where, as in Ohio and in Illinois, a statute makes adequate provision for suing in another manner. (*Row v. Row*, 41 N. E. Rep. [O.] 239; *Covington v. Neftzger*, 30 N. E. Rep. [Ill.] 764.) In the latter state, perhaps before the statute was passed, but certainly on a consideration of the law independent of statute, it had before been held that a next friend might sue. (*Chicago & P. R. Co. v. Munger*, 78 Ill. 300.) In New Jersey it was once held that a next friend might sue at law, but not in equity. (*Dor-*

*sheimer v. Roorback*, 18 N. J. Eq. 438.) This was because the ·chancellor thought there was no semblance of authority for such a proceeding in equity except one or two· loose *dicta* referred to in the opinion. He must have overlooked *Nelson v. Duncombe*, 9 Beav. [Eng.] 211, and *Light v. Light*, 25 Beav. [Eng.] 248, both earlier cases. There was also suggested a distinction between cases of total and partial incapacity, but we think there can be no ground for proceeding differently merely because of the degree or duration of the mental derangement. Nor is there in this state any room for a distinction in this respect between law and equity. The procedure is the same. The practice here resorted to is supported by the English cases already cited as well as by *Jones v. Lloyd*, L. R. 18 Eq. Cas. 265, *Rock v. Slade*, 7 Dowl. 22, and in this country by *Plympton v. Hall*, 56 N. W. Rep. [Minn.] 351, *Reese v. Reese*, 15 S. E. Rep. [Ga.] 846, *Edwards v. Edwards*, 36 S. W. Rep. [Tex.] 1080, *Holzheiser v. Gulf W. T. & P. R. Co.*, 33 S. W. Rep. [Tex.] 887, *Dudgeon v. Watson*, 23 Fed. Rep. 161, *Whetstone v. Whetstone*, 75 Ala. 495, and *Chicago & P. R. Co. v. Munger, supra.*

It is next argued that the court erred in finding under the evidence that Philip Wagoner was insane at the time of his making the deed to Wager. We have examined the voluminous evidence in the case and are satisfied that there is sufficient competent testimony to preclude any interference with the finding of the trial court. In this connection attention is called to the fact that the court received in evidence the record of certain proceedings before the insanity board of Douglas county, whereby an inquiry had been made under chapter 40, Compiled Statutes. It was held in *Dewey v. Algire*, 37 Neb. 6, that the record of such proceedings is not admissible in a case like this for the purpose of proving insanity; but it is established by repeated decisions of this court that, in a case which has been tried by the court without a jury, the judgment will not be reversed because of the admission of incompetent or immaterial evidence, when there was suf-

37

ficient competent evidence to sustain the finding. More-
over, this record could hardly have prejudiced the defend-
ants because it showed that the plaintiff was not ad-
judged insane.

It is asserted next that the charge of conspiracy made
in the petition is not sustained by the evidence. It is
not necessary to the relief granted that it should be. If
the plaintiff was insane, his deed was void and might be
so decreed, although there was no conspiracy and no
fraud. This issue might affect the liability of Wager's
co-defendants, against whom, as well as Wager, the judg-
ment went for costs, but we cannot consider any question
affecting them alone, because all the defendants joined
in the motion for a new trial and the petition in error, and
if the judgment was correct as to one it must be affirmed
as to all. (*Dorsey v. McGee*, 30 Neb. 657.)

Finally it is contended that Wager should receive res-
titution of the consideration by him paid. This, in the
case of an insane person, is not essential as a condition
of granting relief. (*Dewey v. Algire, supra; Rea v. Bishop*,
41 Neb. 202.) It did not appear that the ability existed
to restore the consideration in specie. The right to re-
cover it back as money had and received or otherwise was
not a question involved in the case and is not now open
to consideration.

AFFIRMED.