CARRIE WALLER v. LORING T. ROSS.[1]

January 4, 1907.

Nos. 14,907—(48).

**Negligence—Fall of Awning.**

In the absence of any issue as to nuisance, the liability of the owner of a building for damages to a traveler on a highway, caused by the falling of an awning attached to that building, is to be determined upon the principles of negligence in accordance with the maxim "Res ipsa loquitur," and not upon the doctrine of insurance of safety.

**Charge to Jury.**

The maxim applies to the facts in this case. The instructions of the trial court, taken as a whole, did not give to the plaintiff the legitimate benefit of that rule.

Action in the district court for Hennepin county to recover $15,250 for personal injuries. The case was tried before Brooks, J., and a jury, which rendered a verdict in favor of the defendant. From orders for judgment and denying a motion for a new trial, plaintiff appealed. Reversed.

*Ayers & McDonald,* for appellant.

*Harrison E. Fryberger,* for respondent.

JAGGARD, J.

This was an action for personal injuries claimed to have been sustained by plaintiff and appellant while she was walking upon the sidewalk on a public street in Minneapolis. While plaintiff was in front of a building of defendant and respondent, an awning which had been

[1]Reported in 110 N. W. 252.

attached to that building fell and struck her, and caused the damages for which recovery was here sought. Defendant had a verdict. Plaintiff appealed from an order denying her motion for a new trial.

The plaintiff argues that the rule of law applicable is that when the plaintiff's evidence showed an injury sustained by her while a passenger upon the street, because of the falling upon her of an awning, the burden of proof shifted to the defendant, and that it was incumbent upon the defendant to show, first, that the accident was unavoidable; or, second, that the plaintiff was not injured, before he would be relieved from liability on account of the accident. That is to say, plaintiff invokes the doctrine of insurance of safety as announced in Rylands v. Fletcher, L. R. 3 H. L. 330, and would hold the owner of an awning which did damage to a person properly using the street absolutely responsible notwithstanding the exercise of due care on his part.

In support of that contention she cites Gleeson v. Virginia Midland R. Co., 140 U. S. 435, 11 Sup. Ct. 859, 35 L. Ed. 458, in which the federal supreme court quotes as follows from an English decision, namely: "A man who for his own benefit suspends an object or permits it to be suspended over the highway and puts the public safety in peril thereby is under an absolute duty to keep it in such a state as not to be dangerous." That English case was Tarry v. Ashton, 1 Q. B. Div. 314. It is to be noted, however, that there the jury had found negligence on part of the defendant personally. The lamp overhanging the highway, which fell and injured the plaintiff, a foot passenger, was out of repair through general decay, although not to defendant's knowledge. The court also referred with approval to the leading case of Kearney v. London, L. R. 5 Q. B. 411, L. R. 6 Q. B. 759, 762, as being directly in point, and as holding that the doctrine of res ipsa loquitur applied to the case of plaintiff injured, while walking on a public highway, by a brick which fell from a pier of defendant's bridge. That case is an authority for the doctrine of res ipsa loquitur in such cases, but not for the doctrine of insurance of safety. Gleeson v. Virginia Midland Ry. Co. itself held a railway company responsible for negligence in maintaining a cut with sides of the character shown by the evidence in that case, because of which loosened earth obstructed the track and derailed the train on which plaintiff was a passenger, whereby he was injured. Not the facts nor the theory, nor the cases cited therein, tend to support the con-

tention of absolute liability in this case; but, on the contrary, sustain the application of the maxim "Res ipsa loquitur."

A large number of cases have been presented to the courts in which a body of considerable weight has been suspended or put in position where it is likely to fall, and has, in fact, fallen and produced damage to a person lawfully using a highway. The liability of the person responsible for such damages has been, under different circumstances, determined upon the doctrine of insurance of safety, of nuisance, of prima facie negligence, or rarely of ordinary negligence. While there is not entire unanimity of opinion either as to the correct principle to be adopted or as to its application, the marked tendency of the decisions is to base liability in such cases upon culpability, and not to extend absolute responsibility to which the exercise of reasonable care is no defense to cases in which there is no necessary or inherent tendency of the thing of weight to do considerable harm. The logic of damage from falling things of weight, according to the prevailing view, leads to the application of the maxim "Res ipsa loquitur."

"The most apt and concise statement of the principle" (7 Words & Phrases, 6139) is to be found in Scott v. London, 3 H. & C. 596. There plaintiff, passing a warehouse, was hurt by the falling of barrels of sugar. The court said: "There must be reasonable evidence of negligence, but where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care."

The same principle has been applied to persons passing on a highway injured by a falling barrel (Byrne v. Boadle, 2 H. & C. 722; c. f. Welfare v. London, L. R. 4 Q. B. 693, and see White v. France, 2 C. P. Div. 308; Briggs v. Oliver, 4 H. & C. 403); by a falling sign (Morris v. Strobel, 81 Hun, 1, 30 N. Y. Supp. 571; Railway Co. v. Hopkins, 54 Ark. 209, 15 S. W. 610, 12 L. R. A. 189; c. f. Taylor v. Peckham, 8 R. I. 349, 91 Am. Dec. 235, 5 Am. 578; Salisbury v. Herchenroder, 106 Mass. 458, 8 Am. 354; Jones v. City, 104 Mass. 75, 6 Am. 194); by an iron guard (Mentz v. Schieren, 36 Misc. 813, 74 N. Y. Supp. 889); by a limb from an ornamental tree (Weller v. McCormick, 8

L. R. A. 798, 52 N. J. L. 470, 19 Atl. 1101); by an iron beam (Mc-Cauley v. Norcross, 155 Mass. 584, 30 N. E. 464); by a falling derrick (Scheider v. American, 78 App. Div. 163, 79 N. Y. Supp. 634); and by a broken bolt on an elevated railway (Volkmar v. Manhattan, 134 N. Y. 418, 31 N. E. 870, 30 Am. St. 678).

This view of the law has received the sanction of many decisions in which the damage was done by ponderous objects falling upon persons lawfully at the place to whom a duty was owing and who had assumed no risk. It would uselessly incumber to collate them. See Kaples v. Orth, 61 Wis. 531, at page 535, 21 N. W. 633, as to the fall of a block of ice; Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. 630, as to fall of cable and elevator counter balance; The Joseph B. Thomas, 81 Fed. 586, as to the fall of a water keg.

The rule of res ipsa loquitur has been consistently applied to damage done to one lawfully using a highway by the falling of buildings or parts of buildings. The common acceptance of this view in the two leading cases on the subject (Ryder v. Kinsey, 62 Minn. 85, 64 N. W. 94, 34 L. R. A. 557, 54 Am. St. 623, and Mullen v. St. John, 57 N. Y. 567, 15 Am. 530) is especially significant because the doctrine of Rylands v. Fletcher has been accepted in Minnesota and essentially rejected in New York. See, also, Travers v. Murray, 87 App. Div. 552, 84 N. Y. Supp. 558, as to the falling of a chimney, but see Bramwell, B., in Nichols v. Marsland, L. R. 10 Ex. 255, quoted in Gorham v. Gross, 125 Mass. 232, 239, 28 Am. 224, and Isherwood v. H. L. Jenkins Lumber Co., 84 Minn. 423, 87 N. W. 931, as to the falling of a pile of lumber. And, generally, see Martin v. Dufalla, 50 Ill. App. 371; Kappes v. Appel, 14 Ill. App. 170; Patterson v. Jos. Schlitz Brewing Co., 16 S. D. 33, 91 N. W. 336. There is no inconsistency with this rule in holding the person responsible for damages done by a falling wall on principles of nuisance under appropriate circumstances. See Simmons v. Everson, 124 N. Y. 319; Wilkinson v. Detroit, 73 Mich. 405, 41 N. W. 490; Miles v. City, 154 Mass. 511, 28 N. E. 676, 13 L. R. A. 841, 26 Am. St. 264; Murray v. McShane, 52 Md. 217, 36 Am. 367. And see Lauer v. Palms, 129 Mich. 671, 89 N. W. 695, 58 L. R. A. 67; Chute v. State, 19 Minn. 230 (271); c. f. Nordheimer v. Alexander, 19 Can. Sup. Ct. 248. So, also, the liability for damages caused by the fall-

ing of a cornice has been determined under the rule res ipsa loquitur or by the principles of nuisance. Roberts v. Mitchell, 21 Ont. App. 433, 436, per Osler, J.; Grove v. City, 45 Ind. 429, 15 Am. 262.

It is true, as is argued by counsel for the plaintiff, that the liability of the owner of a roof constructed so that it will inevitably, at certain seasons of the year and with more or less frequency, subject innocent travelers to damage or danger, may be found without reference to reasonable diligence upon the principle of Rylands v. Fletcher, supra (Shipley v. Fifty Associates, 101 Mass. 252, 3 Am. 346, 106 Mass. 199, 8 Am. 318; Smethurst v. Proprietors, 148 Mass. 261, 19 N. E. 387, 2 L. R. A. 695, 12 Am. St. 550; Shepard v. Creamer, 160 Mass. 496, 36 N. E. 475), or of nuisance (Hannem v. Pence, 40 Minn. 127, 41 N. W. 657, 12 Am. St. 717; cf. Lowell v. Glidden, 159 Mass. 317, 34 N. E. 459). But see Garland v. Towne, 55 N. H. 56, 20 Am. 164. The inherent and necessary tendency of a roof's eaves overhanging a highway to do harm, however, varies materially from the tendency of the ordinary awning to fall. That natural difference is a good foundation for the distinction between the legal principles of liability applicable to the respective owners for consequent damages. The same reasoning which holds the owner of such a roof responsible for damages without reference to culpability justifies the holding of the owner of such an awning in an action for negligence responsible on the theory of res ipsa loquitur only. It is true that the owner of the building to which the awning is attached may be held responsible for damage to a passer-by due to its fall, on the doctrines of nuisance. See Hume v. Mayor, 74 N. Y. 264. In the case at bar, however, the pleadings, the evidence, the assignments of error, and the brief on appeal present no question as to the liability of the defendant on the ground of nuisance. Under the circumstances we conclude that the theory of res ipsa loquitur was as favorable to the plaintiff as would have been proper under the circumstances.

The remaining assignments of error concern the charge of the court. While it is true that the trial judge did at one place correctly state the abstract doctrine of res ipsa loquitur, he did not adequately apply that rule to the facts in this particular case. In many other places, which are covered by the plaintiff's first five assignments of error, he gave the general rules of law applicable to an ordinary case of negligence,

in which the burden of proof rests on the plaintiff and in which the mere happening of an accident is not evidence of negligence. The result we have concluded did not secure to the plaintiff the benefit of the rule of res ipsa loquitur.

On the one hand, it is well settled that it is the duty of counsel to correct verbal inaccuracies or obscurity or indefiniteness in a charge at the time it is given, and that, if he fail to call to the court's attention such matters at such time, he cannot subsequently predicate error on such grounds in the charge actually given. On the other hand, it is· equally well settled that the trial court should not give undue prominence, by repetition or otherwise, to portions of the law applicable, and that, although unnecessary charges do not always constitute error, in the nature of things, undue emphasis upon correct, but inapplicable, rules of law, tends to mislead the jury and may result in an unfair trial, 11 Enc. Pl. & P. 297, 299. Whether or not such undue emphasis so resulted is to be determined by an examination of each record. In the case at bar a prima facie case of negligence was clearly made out, and plaintiff showed that she had received at least some injury. Defendant offered little or no evidence to rebut the inference of negligence. The fact that the jury found for the defendant is therefore significant. Taking the record as a whole, we have concluded that the charge was so misleading that the plaintiff should have a new trial.

Order reversed.