# LARS JACOBSON v. GREAT NORTHERN RAILWAY COMPANY.[2]

May 7, 1909.

Nos. 16,131—(104).

**Verdict not Supported by Evidence.**

*Held,* in this, a personal injury, case, that the evidence was not sufficient to support a verdict for the plaintiff.

[1]Reported in 120 N. W. 1134.  [2]Reported in 120 N. W. 1089.

Action in the district court for Yellow Medicine county to recover $12,000 for personal injuries received while in defendant's employ. The case was tried before Powers, J., who directed the jury to return a verdict in favor of defendant. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*Thomas E. Davis* and *E. A. Michel,* for appellant.

*W. R. Begg* and *C. H. Winsor* for respondent.

PER CURIAM.

Action to recover for personal injuries sustained by the plaintiff while unloading rails from a flat car by reason of the alleged negligence of the defendant. The negligence claimed is that while the plaintiff was engaged with several co-employees in unloading rails, and while he was in the act of moving one of the rails to the edge of the car, one of his fellow servants, without warning to him, went upon the rails back of him and negligently pried his crowbar between the rails back of the plaintiff, whereby one of them was projected or rolled down upon his foot and crushed it. When the plaintiff rested his case, the trial court, on motion of the defendant, directed a verdict for it on the ground that the work the plaintiff was doing did not involve a railroad hazard, and, further, that there was no evidence to sustain a finding that the injury received by the plaintiff was caused by the negligence of any one of his fellow servants.

That the plaintiff was seriously injured is admitted; but negligence in this case cannot be presumed prima facie from the mere fact of an accident and resulting injury, for it does not fall within the exceptional cases to which the rule of "res ipsa loquitur" applies. Waller v. Ross, 100 Minn. 7, 110 N. W. 252, 12 L. R. A. (N. S.) 721, 117 Am. St. 661. Upon a careful consideration of the whole evidence, we are of the opinion that it is clearly insufficient to justify a finding by the jury that the plaintiff was injured by any negligent act of his fellow servants or of the defendant. We do not decide whether the work the plaintiff was doing involved a railroad hazard.

Order affirmed.