AGNES STEPHAN, APPELLEE, V. PRAIRIE LIFE INSURANCE COMPANY, APPELLANT.

FILED MAY 1, 1925.  No. 23026.

1.  **Insane Persons:** SUIT BY NEXT FRIEND.  When a person is not actually insane, but is incapable, through age or weakness of mind, to conduct his own affairs, a suit may be maintained on his behalf by his next friend, and neither section 1599, nor section 8531, Comp. St. 1922, are in derogation of this right.

2.  **Insurance:** CONTRACT: LAW GOVERNING.  When an insurance policy is issued by a Nebraska company upon the life of one living in Iowa, where the application for the insurance was written, the premium paid, and the policy delivered, the policy is an Iowa contract and must be construed according to the laws of that state.

3.  ————: LIABILITY: EXEMPTION.  Under the law of Iowa the military or naval clause forming a part of the policy in suit and set out in the opinion does not exempt defendant from

liability upon the contract under the record presented in this case.

4. Trial: INSTRUCTIONS. The instructions complained of have been examined, and, when construed as a whole, are found free from error. ·

5. ————: RULINGS ON EVIDENCE. The rulings of the trial court on the admission of evidence have been examined, and *held* free from error.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*Blackburn & King,* for appellant.

*McKenzie, Burton & Harris, contra.*

Heard before MORRISSEY, C. J., DAY, THOMPSON and EVANS, JJ., and SHEPHERD, District Judge.

MORRISSEY, C. J.

This is an action on a policy of life insurance issued by defendant on the life of one Floyd E. Stephan in the sum of $5,000. Plaintiff, Agnes Stephan, mother of the insured, is the person named as beneficiary. The policy was issued March 20, 1918, and contained what is commonly denominated a military and naval clause, which reads as follows:

"If the insured at any time engage in military or naval service in time of war (the militia or national guard not in active service excepted) and death shall occur during such engagement or as a result thereof, the liability hereunder' shall be limited to the cash surrender value of the policy at the date of death, unless the insured shall have obtained the company's written consent and paid the extra premium therefor at its established rate."

At the time the policy was issued, insured was a farmer, and, under the federal statute as it then existed, he was exempt from the operation of the selective service act, May 18, 1917, 40 U. S. St. at Large, ch. 15, sec. 4, p. 78. The statute was modified soon thereafter so as to make subject to its terms the class of persons to which insured belonged. In August, 1918, insured was inducted into the military

service and sent to a training camp at Fort Dodge, Iowa, where in October, 1918, he died. The cause of insured's death is shown to have been influenza and pneumonia. Proof of death of insured was made in the usual way. The company asserted its exemption from payment of any sum in excess of the cash surrender value of the policy because the insured had entered the military service without having first "obtained the company's written consent and paid the extra premium therefor at its established rate," but offered to return the premiums paid. The beneficiary was a resident of Iowa, and it was agreed between the officers of the company and Frank C. Stephan, the son of the beneficiary, who was acting for her, that the insurance commissioner of Iowa should be consulted as to the liability of the company under the policy. Accordingly Frank C. Stephan wrote to the insurance commissioner of Iowa, and inclosed the policy. He said:

"In behalf of my mother, the beneficiary, I wish you would take this matter up with the company and see what can be done in the matter."

Subsequently the president of defendant company visited Mrs. Stephan's home at Ida Grove, Iowa, and, after a conference with the beneficiary, the following letter was written:

"Ida Grove, Iowa, March 5, 1919.
"Hon. A. C. Savage,
   Insurance Commissioner,
      Des Moines, Iowa.

Dear Sir: You have in your office a policy of insurance issued on the life of Floyd E. Stephan by the Prairie Life Insurance Company of Omaha, Nebraska, on which he did not apply for nor obtain a permit to engage in military or naval service. He died while so engaged. If in your opinion the company is not liable for the face of the policy, you may consider this as a full instruction to receive for me the company's check for $120.35. Send same to me and deliver the policy to Dr. W. R. McGrew, president of the company.
                "Agnes Stephan, Beneficiary.

"Frank C. Stephan, Witness."

We understand that this letter was composed by the president of the company, but it bears the genuine signature of the beneficiary. Apparently the insurance commissioner reached the conclusion that the company was not liable for the face of the policy, and accordingly the company's check for $120.35 was sent to the beneficiary and the policy delivered to the company. It may be noted that in Mrs. Stephan's letter there is no stipulation or agreement binding the insurance company to do anything or to pay any amount, but it is now claimed by the company that, at the time this letter was written, its president told the beneficiary that, if the commissioner should rule that the company was liable, the company would accept his decision as final and pay the face of the policy. Nearly two years subsequent to the acceptance of the check by the beneficiary and the delivery of the policy to the company, this action was instituted in the district court for Douglas county, Nebraska.

The original petition was filed by James E. Stephan, as guardian of his mother, Agnes Stephan, but the third amended petition, the petition on which the cause was tried, is signed by James E. Stephan, as next friend of Agnes Stephan. In this petition it is alleged that James E. Stephan is the son of plaintiff, the beneficiary; that he brings this action for her and in her behalf, as her next friend; and "that said Agnes Stephan is incompetent and a non-resident of the state of Nebraska; that there has been a guardian appointed for said Agnes Stephan in and for the state of Nebraska." By a subsequent allegation the petition alleged that a guardian had been appointed for the beneficiary in the state of Iowa, and that the beneficiary was incompetent. The petition alleged, also, and at considerable length, negotiations between the insured and an agent of the insurance company which culminated in the issuance of the policy in suit and the payment therefor by the insured, and alleged that, before payment was made, the insured had been informed by defendant's agent that the

company so construed and interpreted the clause of its policy pertaining to military service that it did not apply unless the death of the insured was caused by the performance of some duty in the military service, and that it did not apply while insured was in a training camp, or within the borders of the United States. And it alleged the issuance and delivery of the policy to the insured under the interpretation pleaded; the payment of the premium; and the death of insured by influenza at Fort Dodge, Iowa, on October 15, 1918, "while he was in the service of the United States as a soldier." It is alleged that the policy was delivered in the state of Iowa; the premium paid in that state; and that the contract is governed by the laws of Iowa, which are alleged to be:

"That the words, 'death while engaged in military service in time of war,' in that clause of an insurance policy pertaining to military or naval service means that the death must occur while doing, performing or taking part in some military service in time of war. In other words, it means death caused by performing some duty in the military service, and in order to exempt the company from liability, death must have been caused while the insured was doing something connected with the military service in contradistinction to death while in the service due to causes entirely or wholly unconnected with such service."

And there was the usual prayer for judgment.

After hearing upon and disposition of demurrers and motions, defendant answered. It admitted that plaintiff was a nonresident of the state of Nebraska, and that a guardian had been appointed for plaintiff in the state of Iowa, and alleged that under the statutes of Nebraska, in an action by an incompetent person, where there is a duly qualified and acting guardian, an action cannot be maintained by a next friend; and challenged the right of James E. Stephan, as next friend of the incompetent person, to maintain the action. The answer set out the clause of the policy relating to military or naval service, and alleged that, by reason thereof, defendant had fully complied with all the

terms and conditions of the contract; that the insured entered the military service of the United States without first obtaining the consent of defendant company; that he did not pay the extra premium as provided in the policy in case he entered military service; and that, at the time the insured died, the policy had no cash surrender value because it had not been in force for a sufficient period to give it such value as provided by the terms of the policy. It further pleaded that the application was received at the home office of the company in the city of Omaha, Nebraska; that the application and medical examination which accompanied the same were approved in Nebraska, and set out the conditions of the contract for the payment of any sum due thereunder at its home office, and alleged that the policy was, and is, a Nebraska contract, to be construed and governed by the laws of Nebraska. It denied the power of its agent to interpret the policy or to bind the company in any way beyond the plain terms of the written contract. In conclusion, the answer set out the negotiations for a settlement and the submission of the matter to the insurance commissioner of Iowa; that he had, by the acts of the parties, been constituted an arbiter to settle the questions in controversy, and that he had found and determined that defendant was not liable on the policy in suit; and that, pursuant thereto, the policy had been surrendered to defendant and defendant had paid to the beneficiary the sum of $120.35 "in accordance with the terms of said contract and agreement of settlement." It alleged that the submission to arbitration was voluntary and made with the approval of Frank C. Stephan, son of the beneficiary, and denied that, at the time the alleged settlement was made, the beneficiary was incompetent, and alleged that the settlement had been made in good faith, and that defendant had been released from all liability arising upon the policy.

By reply plaintiff denied that she had ever entered into an agreement with defendant to submit the question of defendant's liability under the policy to arbitration, and denied that the letter written to the insurance commis-

sioner of Iowa was an agreement to arbitrate or an agreement to constitute the insurance commissioner an arbiter; but alleged that the letter to the insurance commissioner and the purported release and settlement, relied upon by defendant, were signed by beneficiary when she was wholly incompetent to execute an agreement, and that she had been induced to sign the same through the fraud and misrepresentation of defendant. The cause was submitted to a jury, which returned a verdict for plaintiff for the amount prayed, and, from the judgment entered on the verdict, defendant has appealed.

The first assignment challenges the right of plaintiff to maintain the action by James E. Stephan, her next friend. It is said: "There being a guardian, suit should not have been permitted by next friend." It is true that the petition makes the statement in paragraph 1 that a guardian had been appointed in Nebraska, and in paragraph 13 it is said that a guardian had been appointed in Iowa. Counsel for appellant in their brief cite sections 1599, and 8531, Comp. St. 1922, in support of their objection. These sections provide for the bringing of suits in behalf of an infant by a next friend, but there is nothing said in either section which is controlling in a suit brought by an incompetent person by a next friend. In *Wager v. Wagoner,* 53 Neb. 511 it is held: "One who is insane, but has not been so adjudged, and who has no guardian, may sue by his next friend." It is a general rule that, where a person is actually insane, but has not been judicially so declared, both actions at law and suits in equity may be maintained on his behalf by his next friend. The authorities are also harmonious in holding that, in all cases where a person is not actually insane, but is incapable, through age or weakness of mind, to conduct his own affairs, suits may be maintained on his behalf by his next friend. But it has been held that it is in the discretion of the court to allow an action so instituted to proceed or not, and it may order a stay of proceedings to await the due appointment of a general guardian, or order the

same to be discontinued, as it may be advised. 14 R. C. L. 611, sec. 63.

We must next determine whether the policy is to be construed under the law of Iowa or under the law of Nebraska. Insured was a resident of Iowa, and the application was taken, the premium paid, and the policy delivered in that state. Under these circumstances the policy became an Iowa contract and will be construed according to the law of that state. 25 Cyc. 747, 748; 13 C. J. 580, sec. 581; 14 R. C. L. 892, sec. 69.

We come now to what may be considered as the controlling question. What is the effect of the military or naval clause heretofore quoted? If given the construction contended for by the insurer, no recovery can be had by plaintiff in this action. Insured had entered the military service in time of war without having "obtained the company's written consent and paid the extra premium therefor at its established rate." Death occurred during such service, although not as a result thereof, and defendant, prior to the bringing of this action, had paid to plaintiff a sum greater than the cash surrender value, if, indeed, the policy had a cash surrender value. Plaintiff introduced in evidence the opinion of the supreme court of Iowa in *Boatwright v. American Life Ins. Co.* (191 Ia. 253) 180 N. W. 321, wherein there was presented substantially the same defense presented in this action based upon the military or naval clause of the policy. After an exhaustive review of many authorities, the court held:

"Death of an enlisted man in the navy at the Great Lakes Naval Training Station in Illinois from influenza, which at that time was prevalent not only in the navy, but also in the army and in civilian life, *held* not within a clause limiting insurer's liability for death of insured while 'engaged in military or naval service in time of war' without having obtained insurer's permit, although the United States government at that time was at war with the Central European powers."

We see no logical way of differentiating that case from

the one before us. It is apparent that under the law of Iowa the military or naval clause of the policy pleaded as a defense by defendant does not exempt it from liability to plaintiff.

Objections are made to instruction No. 2, instruction No. 3, and instruction No. 4. Certain clauses of these instructions are singled out and said to be prejudicial to defendant. The rule is well settled that instructions must be read and considered as a whole. When so read and considered, the instructions are without prejudice to defendant. There is further complaint of the rulings of the court on the admission of evidence. These rulings have been examined, but when considered in the light of the issues before the court, they cannot be held to be prejudicial, and the judgment of the district court is

AFFIRMED.

Note—See Insane Persons, 32 C. J. sec. 571; Insurance, 32 C. J. sec. 8; Life Insurance, 37 C. J. sec. 294.