LOIS M. WESTERDALE, A WIDOW, BY IRMA L. HERFORDT, HER SISTER AND NEXT FRIEND, APPELLEE AND CROSS-APPELLANT, v. CARL W. JOHNSON ET AL., APPELLANTS AND CROSS-APPELLEES.

215 N. W. 2d 102

Filed February 28, 1974.    No. 39189.

Mills & Mills and Mattson, Ricketts, Gourlay & Lewis, for appellants.

Herman Ginsburg and Gordon B. Fillman, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and HASTINGS, District Judge.

BOSLAUGH, J.

This is an action by Irma L. Herfordt as next friend to set aside a deed from Lois M. Westerdale to the defendants, Carl W. Johnson and his wife. For convenience, the grantor, Mrs. Westerdale, will be referred to as the plaintiff. The petition alleged the plaintiff was incompetent at the time the conveyance was made and that it was procured by fraud and misrepresentation. The trial court found the deed should be set aside and ordered the defendants to reconvey the property. The defendants appeal.

The first question presented is whether the action could be maintained by a next friend. Irma L. Herfordt, the next friend, was a sister of the plaintiff and was her closest living relative. The plaintiff was past 82 years of age at the time the suit was brought and had been a resident of a nursing home since February 23, 1968. At the time of trial, the plaintiff was hospitalized and fully incompetent. A conservator had been appointed for the plaintiff on August 19, 1969, but he declined to bring the action.

It is within the discretion of the trial court to permit an action to be maintained by the next friend of a person who has not been adjudged incompetent but is incapable of managing his affairs and has no appointed guardian. Fiala v. Tomek, 164 Neb. 20, 81 N. W. 2d 691. See, also, Wager v. Wagoner, 53 Neb. 511, 73 N. W. 937; Stephan v. Prairie Life Ins. Co., 113 Neb. 469, 203 N. W. 626.

The provisions of law for the managing of estates by guardians are generally applicable to conservators, but a conservator is not the equivalent of a guardian for all purposes. § 38-903, R. R. S. 1943. Even where a guardian has been appointed, there is statutory author-

ity for the ward to be represented by another person appointed for that purpose as guardian or next friend. § 38-502, R. R. S. 1943.

In this case the conservator had declined to bring the action. By the time the case was ready for trial the plaintiff had become fully incompetent. Under these circumstances it was within the discretion of the trial court to permit the action to proceed with the plaintiff represented by a next friend.

The land involved in this case was a quarter-section of farmland in York County, Nebraska. It had a value of between $60,000 and $80,000. The defendant Carl W. Johnson was a tenant of the plaintiff. His wife's grandmother was a first cousin of the plaintiff. The defendants had entertained the plaintiff in their home on a number of occasions.

In December 1968, Johnson inquired concerning the possibility of purchasing a tract of land owned by the plaintiff that Johnson had been farming. The plaintiff replied she had only a life interest in the land Johnson had been farming but said her York County land could be sold. On January 2, 1969, the plaintiff executed a listing agreement for the sale of the York County land for $40,000. The agreement called for a 5 percent commission. The plaintiff instructed the agent, James A. Rosenquist, to offer the land first to Johnson. If Johnson did not wish to buy it, it was to be offered next to Dennis Hanson, another tenant of the plaintiff.

After the listing agreement had been signed, Rosenquist contacted Johnson and he agreed to purchase the land for $40,000. Johnson had some difficulty in arranging financing so an installment contract was entered into. The balance of the consideration was paid on June 14, 1969, and the deed was recorded on June 17, 1969.

The evidence as to the mental competency of the plaintiff is conflicting. To set aside a deed on the

ground of want of mental capacity on the part of the grantor, it must be clearly established that the mind of the grantor was so weak or unbalanced at the time of the execution of the deed that she could not understand and comprehend the purport and effect of what she was then doing. Conry v. Langdon, 181 Neb. 53, 146 N. W. 2d 782.

Defendants called a number of witnesses who testified they believed the plaintiff was mentally competent in January 1969. Some of these witnesses were interested in the transaction to varying degrees. Others were not familiar with all the circumstances or had not had much contact with the plaintiff.

The plaintiff's witnesses testified the plaintiff was mentally incompetent. Dr. W. S. Kilgore, who had been the personal physician of the plaintiff for 25 years, testified she suffered from hypertension and general cerebral arteriosclerosis. In 1967, he found cerebral deterioration had become progressively more severe and the plaintiff was entirely disoriented as to time and place. At that time the plaintiff was moved from her farm home into the home of Mr. and Mrs. Larry Christenson where the plaintiff resided until she was admitted to the nursing home. Dr. Kilgore was of the opinion the plaintiff was entirely incompetent in January 1969.

Other witnesses described incidents which indicated the plaintiff was disoriented and confused much of the time after she entered the nursing home. There was evidence of bizarre conduct in the nursing home in regard to the personal habits and clothing of the plaintiff. She appeared to be careless in handling checks and other valuable business papers, some of which cannot be found. A month after the York County land had been sold, she signed up for the farm program on the same land. On March 17, 1969, she signed a written lease of a farm in Polk County to Dennis Hanson. On December 18, 1968, she had signed a written lease of

the same property to Johnson for 2 years.

The circumstances of the transaction itself tend to support the contentions of the plaintiff. The sale amounted to a gift to the defendants of from one-third to one-half of the value of the property, yet the plaintiff employed a real estate agent and paid him $2,000 to accomplish the gift.

There was some evidence which tended to support the contentions of the defendants, but we believe the record sustains a finding that the plaintiff was not competent at the time of the sale of the York County land to the defendants. It is unnecessary to consider the allegations and proof in regard to the claim of fraud and misrepresentation.

The judgment required the defendants to reconvey the property to the plaintiff; required the plaintiff to refund the consideration for the property to the defendants; and ordered an accounting between the parties. By cross-appeal the plaintiff asserts she should be entitled to credit for any part of the purchase price given to the defendants at or about the time of the conveyance.

The trial court retained jurisdiction for the purpose of the accounting. The matter of credits is an issue which was reserved by the trial court and will be considered and determined as a part of the accounting between the parties. There is no merit to the cross-appeal.

The judgment of the District Court is affirmed.

AFFIRMED.